**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**WINSTON-SALEM DIVISION**

| | |
|---|---|
| In re: Novant Health, Inc. | LEAD Case No. 1:22-cv-00697 Consolidated with: 1:22-cv-00700-WO-JEP; 1:22-cv-00709-WO-JEP, and 1:22-cv-00799-WO-JEP |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

I.      INTRODUCTION ................................................................................................. 1

II.     BACKGROUND ................................................................................................... 2

        A.      History of the Litigation ......................................................................... 2

        B.      Settlement Negotiations ......................................................................... 3

        C.      Terms of the Settlement ......................................................................... 3

                1.      The Settlement Class ................................................................... 3

                2.      The Settlement Benefits .............................................................. 4

                3.      Administration of Notice and Claims ........................................ 5

                4.      Exclusions and Objections ......................................................... 6

                5.      Attorneys' Fees, Expenses, and Service Awards to Class Members .... 7

        D.      Final Approval Hearing ......................................................................... 7

III.    LEGAL STANDARDS FOR PRELIMINARY APPROVAL, CONDITIONAL
        CLASS CERTIFICATION, AND APPROVAL OF THE NOTICE FORM .......... 8

        A.      Preliminary Approval of Settlement ..................................................... 8

        B.      Conditional Class Certification ........................................................... 10

        C.      Notice Form Approval .......................................................................... 11

IV.     ARGUMENT ...................................................................................................... 11

        A.      The Class Was Adequately Represented ............................................. 11

        B.      The Proposed Settlement Was Negotiated at Arm's Length ............... 12

        C.      The Relief is Fair, Reasonable, and Adequate .................................... 12

                1.      The costs, risk, and delay of trial and appeal ......................... 13

                2.      The method of distributing relief is effective ......................... 14

| | 3. | The terms relating to attorneys' fees are reasonable............................ 15 |

| | 4. | Any agreement required to be identified under Rule 23(e)(3)............ 15 |

| | 5. | The proposed settlement treats class members equitably ................... 16 |

| D. | The Class Should Be Conditionally Certified for Settlement Purposes...... 16 |

| | 1. | The Settlement Class Satisfied the Requirements of Rule 23(a) ........ 17 |

| | | a. | Numerosity................................................................................. 17 |

| | | b. | Commonality................................................................................ 17 |

| | | c. | Typicality ................................................................................... 19 |

| | | d. | Adequate Representation ........................................................... 20 |

| | | e. | Ascertainability ......................................................................... 21 |

| | 2. | The Settlement Class Satisfied the Requirements of Rule 23(b)(3) ... 21 |

| | | a. | Common Questions of Law and Face Predominate................. 21 |

| | | b. | Class Resolution of this Action is Superior to Other Methods of Adjudication ........................................................... 22 |

V.     PLAINTIFFS' NOTICE FORM AND PLAN SATISFY THE REQUIREMENTS OF THIS COURT................................................................................................ 22

VI.    CONCLUSION ...................................................................................................... 23

LOCAL RULE 7.3(d)(1) WORD COUNT CERTIFICATION........................................ 26

CERTIFICATE OF SERVICE........................................................................................... 27

# TABLE OF AUTHORITIES

Page(s)

Cases

*Abubaker v. Dominion Dental USA, Inc*.,
   No. 1:19-cv-01050, 2021 WL 6750844 (E.D. Va. Nov. 19, 2021) .......................... 16, 19

*Amchem Products, Inc. v. Windsor*,
   521 U.S. 591 (1997) ................................................................................................. passim

*Beaulieu v. EQ Indus. Servs., Inc*.,
   No. 5:06-CV-00400BR, 2009 WL 2208131 (E.D.N.C. July 22, 2009) ............ 19, 20, 21

*Brown v. Transurban USA, Inc.*,
   318 F.R.D. 560 (E.D. Va. 2016) ................................................................................... 11

*Covarrubias v. Capt. Charlie's Seafood, Inc*.,
   No. 2:10-CV-10-F, 2011 WL 2690531 (E.D.N.C. July 6, 2011) ................................... 10

*Deiter v. Microsoft Corp.*,
   436 F.3d 461 (4th Cir. 2006) ........................................................................................ 19

*Eisen v. Carlisle & Jacquelin*,
   417 U.S. 156 (1974) ...................................................................................................... 11

*EQT Production Co. v. Adair*,
   764 F.3d 247 (4th Cir. 2014) ........................................................................................ 21

*Fisher v. Va. Elec. & Power Co.*,
   217 F.R.D. 201 (E.D. Va. 2003) ............................................................................. 11, 18

*Gamas v. Scott Farms, Inc.*,
   No. 5:13-CV-447-FL, 2014 WL 12546373 (E.D.N.C. Dec. 24, 2014) ......................... 10

*Gordon v. Chipotle Mexican Grill, Inc*.,
   No. 17-cv-01415-CMA-SKC, 2019 WL 6972701 (D. Colo. Dec. 16, 2019) .............. 13

*Hall v. Higher One Machines, Inc*.,
   No. 5-15-CV-670-F, 2016 WL 5416582 (E.D.N.C. Sept. 26, 2016) .............................. 9

iv

*Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
  855 F. Supp. 825 (E.D.N.C. 1994) ................................................................ 8

*Hutton v. Nat'l Bd. of Examiners in Optometry, Inc.*,
  No. 1:16-c-03025, 2019 WL 3183651 (D. Md. July 15, 2019) .................................... 16

*In re Anthem, Inc. Data Breach Litig.*,
  327 F.R.D. 299 (N.D. Cal. 2018) .................................................... 16, 19, 22

*In re Equifax Inc. Customer Data Sec. Bre*ach Litig.,
  No. 1:17-md-2800, 2020 WL 256132 (N.D. Ga. Mar. 17, 2020), aff'd in relevant part
  999 F.3d 1247 (11th Cir. 2021), cert. denied *sub nom. Huang v*. Spector, 142 S. Ct. 431
  (2021), and cert. denied *sub nom* ........................................................ 16, 19, 22

*In re Jiffy Lube Sec. Litig.*,
  927 F.2d 155 (4th Cir. 1991) .................................................................... 8, 9

*In re Lumber Liquidators Chinese-Manufactured Flooring Durability Mktg.*,
  No. 115MD2627AJTTRJ, 2020 WL 5757504 (E.D. Va. Sept. 4, 2020) ..................... 15

*In re Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Practices
  & Prod. Liab. Litig.*,
  952 F.3d 471 (4th Cir. 2020) .................................................................... 12

*In re MicroStrategy, Inc. Sec. Litig.*,
  148 F. Supp. 2d 654 (E.D. Va. 2001) ........................................................ 8, 9

*In re NeuStar, Inc. Sec. Litig.*,
  No. 1:14CV885, 2015 WL 5674798 (E.D. Va. Sept. 23, 2015) ............................ 10, 12

*In re Peanut Farmers Antitrust Litig.*,
  No. 2:19-CV-00463, 2021 WL 3174247 (ED. Va. July 27, 2021) ............................ 14

*In re Red Hat, Inc. Sec. Litig.*,
  261 F.R.D. 83 (E.D.N.C. 2009) .................................................................. 21

*Lomascolo v. Parsons Brinckerhoff, Inc.*,
  No. 1:08cv1310, 2009 WL 3094955 (E.D. Va. Sept. 28, 2009) ............................ 9

*Marcus v. BMW of N. Am., LLC*,
  687 F.3d 583 (3d Cir. 2012) .................................................................... 21

Case 1:22-cv-00697-CCE-JEP    Document 52    Filed 10/12/23    Page 5 of 33

*Matthews v. Cloud 10 Corp.*,
No. 14-00646, 2015 U.S. Dist. LEXIS 114586, at \*4 (W.D.N.C. Aug. 27, 2015) ......... 9

*McLaurin v. Prestage Foods, Inc.*,
271 F.R.D. 465 (E.D.N.C. 2010) .................................................................................. 22

*Nelson v. Mead Johnson & Johnson Co.*,
484 F. App'x 429 (11th Cir. 2012) ............................................................................. 12

*Olvera-Morales v. Intern. Labor Mgmt Corp.*,
246 F.R.D. 250 (M.D.N.C. 2007) ............................................................................... 20

*Rodger v. Elec. Data Sys. Corp.*,
160 F.R.D. 532 (E.D.N.C. 1995) ........................................................................... 17, 19

*Sanchez-Rodriguez v. Jackson's Farming Co. of Autryville*,
No. 7:16-CV-28-D, 2017 WL 396667 (E.D.N.C. Jan. 27, 2017)................................. 17

*Six v. LoanCare, LLC*,
No. 5:21-cv-451, 2022 WL 16747291 (S.D. W. Va. Nov. 7, 2022) .............................. 5

*Thorn v. Jefferson-Pilot Life Ins. Co.*,
445 F.3d 311 (4th Cir. 2006) ...................................................................................... 19

*Wal-Mart Stores, Inc., v. Dukes*,
564 U.S. 338 (2011)..................................................................................................... 18

**Statutes**

28 U.S.C. § 1715 ............................................................................................................. 8

**Rules**

Fed R. Civ. P. 23.......................................................................................................passim

vi

## I. INTRODUCTION

This class action arises out of Defendant Novant Health, Inc.'s ("Novant" or "Defendant") use of an Internet tracking technology supplied by a third party, called a pixel (referred to as a "Tracking Tool" herein), that allegedly caused certain personal or health-related information to be disclosed to a vendor. Plaintiffs Keith David Allen, Karyn Cook, Daymond Cox, Kevin Curry, Meghan Curry, Dr. Richard Nero, David Novack, Cheryl Taylor, Fernando Valencia, and Natalie Wells-Reyes (collectively, "Plaintiffs" and together with Defendant, the "Parties") claim that Defendant's implementation and usage of such Tracking Tools without their authorization resulted in the invasion of Plaintiffs' and Class Members' privacy and other common law and statutory violations.

While Defendant denies the Plaintiffs' allegations and denies any liability, the Parties have determined to settle the Litigation, and thus avoid the expense, risk, exposure, inconvenience, uncertainty, and distraction of continued litigation relating to Defendant's alleged use of Tracking Tools. As further explained herein, the terms of the proposed Settlement are fair, adequate, and reasonable; the proposed Settlement Class meets the requirements for certification for purposes of settlement; and the proposed notice program provides the best practicable notice under the circumstances and comports with Fed. R. Civ. P 23(c)(2). Accordingly, Plaintiffs respectfully request that the Court take the first step in the approval process and enter the proposed Preliminary Approval Order, which: (1) grants preliminary approval of the proposed Settlement; (2) conditionally certifies for

settlement purposes the Settlement Class contemplated by the Settlement Agreement;[1] (3) orders that the proposed Notice be sent to the Settlement Class; and (4) schedules a final approval hearing to consider final approval of the proposed Settlement, as well as approval of attorneys' fees, costs, and service awards to the Plaintiffs.[2]

## II.   BACKGROUND

### A.  History of the Litigation

The Litigation arose after a letter from Defendant dated on or about August 12, 2022, notified Plaintiffs that Defendant had used an Internet tracking technology supplied by a third party, called a pixel (referred to herein as a "Tracking Tool"), and that, when Plaintiffs used Novant's websites or MyChart patient portal, certain personal or health-related information may have been disclosed in particular circumstances to a vendor. On August 23, 2022, Plaintiffs Kevin Curry and Christine Curry filed a class action complaint in the United States District Court for the Middle District of North Carolina (the "Court") captioned *Kevin Curry v. Novant Health, Inc.*, No. 1:22-cv-00697. Several other cases were filed thereafter and were eventually consolidated under this case number and retitled *In re: Novant Health, Inc.* (the "Litigation").[3]

---

[1] The Settlement Agreement ("S.A." or "Settlement Agreement") is attached as **Exhibit 1**. Capitalized terms herein have the same meanings as defined in the Settlement Agreement.

[2] Plaintiffs will file a separate motion for attorneys' fees, expenses, and Class Representative service awards before filing the motion seeking final approval of the settlement. Plaintiffs have proposed a schedule for the filing of these motions in the Proposed Order.

[3] On October 19, 2022, the Court consolidated the following four cases: *Curry v. Novant Health, Inc.*, No. 1:22-cv-00697 (M.D.N.C.); *Novack v. Novant Health, Inc.*, No. 1:22-cv-007 (M.D.N.C.); *Van Allen v. Novant Health, Inc.*, No. 1:22-cv-00709 (M.D.N.C.); and *Wells-Reyes v. Novant Health, Inc.*, No. 1:22-cv-00799 (M.D.N.C.). *See* Dkt. 8. On November 18, 2022, Plaintiffs filed an Amended Consolidated Complaint adding the claims of Plaintiffs Karyn Cook, Daymond Cox,

**B. Settlement Negotiations**

After meeting and conferring on multiple occasions regarding settlement, the Parties held a mediation on July 21, 2023 before Hunter R. Hughes. Declaration of Gary M. Klinger in Support of Unopposed Motion for Preliminary Approval of Class Action Settlement ("Klinger Dec."), ¶ 33 (attached as **Exhibit 2**). The mediation was productive, but did not result in a settlement in principle. *Id*. Over the next several weeks, the Parties continued to negotiate and ultimately reached an agreement in principle on a settlement on August 21, 2023. *Id*.  The Parties agreed to resolve all matters pertaining to, arising from, or associated with this Litigation, including all claims Plaintiffs and Settlement Class Members have or may have had against Novant and related persons and entities relating to Defendant's use of the Tracking Tools. Throughout their negotiations, the Parties engaged in an extensive evaluation and discussion of the relevant facts and law, and the Parties carefully considered the risk and uncertainties of continued litigation. *Id*. The Parties diligently negotiated, drafted, and finalized the Settlement Agreement, notice forms, and claims process. *See Id*., ¶ 27.

**C. Terms of the Settlement**

As described in the Settlement Agreement, the settlement benefits are substantial, and will be paid from a $6,660,000 non-reversionary settlement fund.

---

Dr. Richard Nero, Cheryl Taylor, and Fernando Valencia. *See* Dkt. 9. On December 28, 2022, *C.C. v. Meta Platforms, Inc.*, No. 1:22-cv-00970 (M.D.N.C.) was directed to be consolidated with the other pending actions in the matter *In re Novant Health, Inc.*, Lead Case No. 1:22-cv-00697.

### 1. The Settlement Class

The Settlement Class is defined as all individuals residing in the United States who Defendant identified as potentially having their personal or health-related information disclosed to a third party because of Defendant's use of Tracking Tools on Defendant's websites or MyChart patient portal between May 1, 2020 and August 12, 2022. Excluded from the Class are (i) Defendant, any entity in which Defendant has a controlling interest, and Defendant's affiliates, parents, subsidiaries, officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Litigation and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly excludes themselves from the Settlement. S.A. ¶ 14(ll).

### 2. The Settlement Benefits

Pursuant to the Settlement, Novant will establish a $6,660,000 non-reversionary Settlement Fund. *Id.*, ¶¶ 14(nn), 18, 21. Settlement Class Members ("Class Members") will have an opportunity to submit a claim for a pro rata share of the Settlement Fund. *Id.*, ¶ 28. To submit a claim, a Class Member need only submit a Claim Form before the Claim Deadline. *Id.*, ¶ 28, Ex. A. To calculate the Cash Payment to each Class Member, the Settlement Administrator will first distribute monies from the Settlement Fund as outlined in the Settlement Agreement and then divide the Net Settlement Fund pro rata amongst the Class Members who filed valid Claim Forms.

The Parties negotiated the Settlement Benefits (and structure) as fair compensation by discussing the type of personal information allegedly collected and shared, and the

4

amount of alleged damages this sharing caused Class Members. Here, the benefits to the Class outweigh the risk, time delay, and net expected value of continued litigation. *Six v. LoanCare, LLC*, No. 5:21-cv-451, 2022 WL 16747291, at *3 (S.D. W. Va. Nov. 7, 2022).

### 3. Administration of Notice and Claims

The Parties have agreed in the Settlement Agreement that Class Counsel will engage Postlethwaite & Netterville ("P&N" or "Settlement Administrator") to act as the Settlement Administrator to oversee the administration of the Settlement. Declaration of Brandon Schwartz Regarding Proposed Notice Plan and Administration ("Schwartz Dec."), ¶ 1 (attached as **Exhibit 3**). Notice will be given to the Settlement Class via individual notice, and will be given primarily by direct notice (attached to the Settlement Agreement as Exhibit B) by first-class mail to the postal addresses of Settlement Class Members and via email for all Class Members for whom Defendant has a valid email address. S.A. ¶¶ 43, 45.

The notice documents are clear and concise and directly apprise Settlement Class Members of all the information they need to know to make a claim or to opt-out of or object to the Settlement. Fed. R. Civ. P. 23(c)(2)(B). A Settlement Website will be established and administered by the Settlement Administrator, and shall contain information about the Settlement, including electronic copies of Exhibits A through D to the Settlement Agreement (or any forms of these notices that are approved by the Court), the Settlement Agreement, and all Court documents related to the Settlement. S.A. ¶ 48. The Settlement Website is viewed as an important piece of the notice plan to Class Members. Furthermore,

a toll-free help line shall be made available to provide Settlement Class Members with information relevant to this Settlement. *Id*.

### 4. Exclusions and Objections

The Notice shall explain the procedure for Settlement Class Members to exclude themselves or "opt-out" of the Settlement by submitting a Request for Exclusion to the Settlement Administrator postmarked no later than the Opt-Out Date. S.A. ¶¶ 48, 61, Exs. B-C. The proposed Opt-Out Date is 60 days after the Notice Date. S.A. ¶ 14(v). The Request for Exclusion must (a) identify the case name and number of the Litigation; (b) state the Settlement Class Member's full name, address and telephone number; (c) contain the Settlement Class Member's personal and original signature; (d) state unequivocally the Settlement Class Member's intent to be excluded from the Settlement; and (e) request exclusion only for that one Settlement Class Member whose personal and original signature appears on the request. All Requests for Exclusion must be submitted individually in connection with a Class Member, i.e., one request is required for every Class Member seeking exclusion. *Id*., ¶ 62. Any Settlement Class Member who does not file a timely Request for Exclusion will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement. *Id*., ¶ 64.

The Notice shall also explain the procedure for Settlement Class Members to object to the Settlement or Fee Application by filing written objections with the Court no later than the Objection Deadline. *Id*., ¶¶ 54, 57. The proposed Objection Deadline is also 60 days after the Notice Deadline. *Id.* ¶ 57. A written objection must (i) include the case name and number of the Litigation; (ii) set forth the Settlement Class Member's full name,

6

current address, telephone number, and email address; (iii) contain the Settlement Class Member's personal and original signature; (iv) if the objecting Settlement Class Member is represented by an attorney, or received assistance from an attorney in drafting his or her objection, the name, address, telephone number, and email address of the attorney; (v) contain a statement indicating the basis for the objecting Settlement Class Member's belief that he or she is a member of the Settlement Class; (vi) state whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire Settlement Class; (vii) set forth a statement of the legal and/or factual basis for the Objection; and (viii) state whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel. *Id.*, ¶ 55.

### 5. Attorneys' Fees, Expenses, and Service Awards to Class Representatives

The Parties did not discuss attorneys' fees or service awards until after the Settlement Fund amount was set. The Settlement Agreement contemplates that 15 days before the Opt-Out and Objection Deadlines Plaintiffs will move the Court for an award of attorneys' fees not to exceed one-third (33%) of the non-reversionary fund, or $2,220,000, and costs and expenses of no more than $30,000. S.A. ¶ 65. Plaintiffs will also move the Court for reasonable service awards of $2,500 per Plaintiff, in recognition of their efforts on behalf of the Class. *Id.*, ¶ 66.

### D. Final Approval Hearing

If the proposed Settlement Class is certified and the Settlement preliminarily approved, Plaintiffs respectfully request that the Court set a Final Approval Hearing within

7

a reasonable time after the Notice Deadline, Objection Deadline, and Opt-Out Date; and at least 90 days after the Settlement Administrator notifies the appropriate government officials of this Settlement Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## III. LEGAL STANDARDS FOR PRELIMINARY APPROVAL, CONDITIONAL CLASS CERTIFICATION, AND APPROVAL OF THE NOTICE FORM.

### A. Preliminary Approval of Settlement

Federal Rule of Civil Procedure 23(e) requires judicial approval of any proposed settlement of claims brought on behalf of a class. *See* Fed. R. Civ. P. 23(e) ("The claims . . . of a certified class—or a class proposed to be certified for purposes of settlement—may be settled . . . only with the court's approval."). Courts may approve a proposed class settlement upon a "finding that [the settlement] is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). To assist the Court, Rule 23(e)(1)(A) requires the parties to "provide the Court with information sufficient to enable it to determine whether to give notice of the proposal to the class." Courts in the Fourth Circuit follow a bifurcated approach to determine whether a settlement is "fair, reasonable, and adequate" under Rule 23. *See In re MicroStrategy, Inc. Sec. Litig.*, 148 F. Supp. 2d 654, 663 (E.D. Va. 2001) (citing *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158 (4th Cir. 1991)).

First, at the preliminary approval stage, the court determines whether the proposed Settlement is "within the range of possible approval" or, whether there is "probable cause" to give notice of the proposed Settlement to class members. *See Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 855 F. Supp. 825, 827 (E.D.N.C. 1994). The primary issue

8

before the Court is whether the proposed Settlement is within the range of what might be found fair, reasonable, and adequate. *Matthews v. Cloud 10 Corp.*, No. 14-00646, 2015 U.S. Dist. LEXIS 114586, at *4 (W.D.N.C. Aug. 27, 2015).

The Fourth Circuit has laid out a series of factors for courts to consider when determining whether a proposed settlement is fair and adequate and, thereby, reasonable. *Jiffy Lube*, 927 F.2d at 159. To determine the fairness of a proposed Settlement, the Court considers: (1) the posture of the case at the time settlement was proposed, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the negotiations, and (4) the experience of counsel in the area of class action litigation. *Jiffy Lube*, 927 F.2d at 159. There is a "strong presumption in favor of finding a settlement fair." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009) (internal quotation omitted). To determine the adequacy of a proposed Settlement, the Court considers: (1) the relative strength of the plaintiff's case on the merits, (2) the existence of any difficulties of proof or strong defenses the plaintiff is likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment, and (5) the degree of opposition to the settlement. *Id*. at 159; *MicroStrategy*, 148 F. Supp. 2d at 665.

In making the determination of preliminary approval, the Court does not answer the ultimate question of whether the proposed Settlement is fair, reasonable, and adequate; this analysis is reserved for the second stage of the settlement approval process. Instead, the first stage of the settlement approval process is focused on whether the settlement is

9

sufficiently adequate to permit notice to be sent to the class. *See Hall v. Higher One Machines, Inc.*, No. 5-15-CV-670-F, 2016 WL 5416582, at *5 (E.D.N.C. Sept. 26, 2016) ("If the proposed settlement is preliminarily acceptable, the court then directs that notice be provided to all class members who would be bound by the proposed settlement in order to afford them an opportunity to be heard on, object to and opt out of the settlement."). "There is a strong judicial policy in favor of settlement, in order to conserve scarce resources that would otherwise be devoted to protracted litigation." *Covarrubias v. Capt. Charlie's Seafood, Inc.*, No. 2:10-CV-10-F, 2011 WL 2690531, at *2 (E.D.N.C. July 6, 2011).

### B. Conditional Class Certification

"When a settlement is reached prior to Rule 23 certification, the law permits a class to be certified solely for the purposes of settlement." *Gamas v. Scott Farms, Inc.*, No. 5:13-CV-447-FL, 2014 WL 12546373, at *2 (E.D.N.C. Dec. 24, 2014). A district court faced with a settlement-only class need not inquire whether the class would present intractable problems with trial management, but must analyze whether the other requirements for certification must have been satisfied. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997). To approve a class settlement, the Court must still consider the requirements for class certification under Rule 23. *In re NeuStar, Inc. Sec. Litig.*, No. 1:14CV885, 2015 WL 5674798, at *2 (E.D. Va. Sept. 23, 2015). The Settlement Class must also satisfy one of the categories of Rule 23(b). *Id.* However, the Court may disregard the manageability concerns of Rule 23(b)(3) because the Court may properly consider that there will be no trial. *See Amchem*, 521 U.S. at 620.

10

### C. Notice Form Approval

As part of the preliminary approval process, the district court must also approve the notice of the settlement that the Parties propose be sent to Class Members. *See* Fed. R. Civ. P. 23(c)(2)(B). The notice must comport with due process and provide the "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Id.*; *accord Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). Rule 23 leaves the form of the notice to the Court's discretion. *See Fisher v. Va. Elec. & Power Co.*, 217 F.R.D. 201, 227 (E.D. Va. 2003) ("a court may exercise its discretion to provide the best notice practicable under the circumstances."); *see also* Fed. R. Civ. P. 23(c)(2)(B).

## IV. ARGUMENT

The proposed Settlement warrants preliminary approval. Evaluation under the enumerated *Jiffy Lube* and Rule 23 factors set out above confirms that the proposed Settlement is fair, adequate, and reasonable; accordingly, the Court should grant preliminary approval, and issue notice of the Settlement to the Settlement Class.

### A. The Class Was Adequately Represented.

"[T]he adequacy requirement is met when: (1) the named plaintiff does not have interests antagonistic to those of the class; and (2) plaintiff's attorneys are qualified, experienced, and generally able to conduct the litigation." *Brown v. Transurban USA, Inc.*, 318 F.R.D. 560, 567 (E.D. Va. 2016) (citation omitted). Here, the Settlement Class Representatives have the same interests as other class members as they are asserting the same claims and share the same injuries.

11

Further, Class Counsel has the experience and qualifications to lead this litigation and the record shows Class Counsel worked diligently to litigate and ultimately bring this case to resolution. *See In re Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Practices & Prod. Liab. Litig.*, 952 F.3d 471, 485 (4th Cir. 2020) (finding counsel's experience in complex civil litigation supported fairness of settlement).

### B. The Proposed Settlement Was Negotiated at Arm's Length.

The Court can safely conclude this Settlement was negotiated at arm's length, without collusion, based on the terms of the Settlement itself and the length and difficulty of the negotiations. *See In re NeuStar*, 2015 WL 5674798, at *10 (adversarial encounters support a finding of arms' length negotiations). This factor supports a finding that the Court will likely be able to finally approve the Settlement.

### C. The Relief is Fair, Reasonable, and Adequate.

The relief offered to Class Members in the proposed Settlement is more than adequate under the factors outlined in Rule 23(e)(2)(C). The Settlement establishes a $6,660,000 non-reversionary common fund from which Settlement Class Members are entitled to make a claim for a pro rata share of the fund (after the payment of costs and expenses as outlined in the Settlement Agreement).

Class Counsel, a group with a wealth of experience in leading major data privacy class actions, strongly believe that the relief is fair, reasonable, and adequate. Klinger Dec., ¶ 30. The Court may rely upon such experienced counsel's judgment. *See*, *e.g.*, *Nelson v. Mead Johnson & Johnson Co.*, 484 F. App'x 429, 434 (11th Cir. 2012) ("Absent fraud,

collusion, or the like, the district court should be hesitant to substitute its own judgment for that of counsel.")

That the relief is fair, reasonable, and adequate is further confirmed by considering the four specific factors enumerated in Fed. R. Civ. P 23(e)(2).

### 1. The costs, risk, and delay of trial and appeal.

Plaintiffs believe their claims are viable and that Defendant is likely to be found liable under at least some of the liability theories and statutory and common law claims Plaintiffs pled in their operative complaint. While Plaintiffs believe they have strong claims and would prevail, success is not guaranteed. The value achieved through the Settlement Agreement is guaranteed, where chances of prevailing on the merits are uncertain — especially where serious questions of law and fact exist, which is common in data security incident litigation. This field of litigation is evolving; there is no guarantee of the ultimate result. *See Gordon v. Chipotle Mexican Grill, Inc*., No. 17-cv-01415-CMA-SKC, 2019 WL 6972701, at *1 (D. Colo. Dec. 16, 2019) ("Data breach cases . . . are particularly risky, expensive, and complex.").

While Plaintiffs have arguments and authorities that can support their allegations, the number of issues in this case, which center on a developing area of law—Meta Pixel litigation—create significant uncertainty. In fact, the Court has already granted Defendant's motion to dismiss certain of Plaintiffs' claims. Thus, despite Plaintiffs' confidence in the strength of this case, numerous legal issues and factual disputes exist that undermine the certainty of a more favorable outcome for the Settlement Class.

13

Additionally, there are inherent risks associated with taking any novel class action to trial, including pre-trial risks of obtaining class certification and defeating summary judgment. Even if class certification is obtained and Plaintiffs are successful at trial, or, alternatively, if Novant obtains summary judgment, Novant or Plaintiffs would likely appeal, causing further delay and raising expenses. The Settlement allows for Class Members to obtain benefits within the near future—as opposed to potentially waiting for years—and eliminates the possibility of receiving no benefits.

Moreover, the complexity, length, and expense of further litigation favors settlement now. Continued litigation would likely involve costly discovery involving experts regarding damages, motions for summary judgment, a motion for class certification, and one or more interlocutory appeals, all of which would delay final resolution. Litigating this case to a favorable conclusion will require a considerable amount of time and resources and weighs in favor of accepting the Settlement now. *In re Peanut Farmers Antitrust Litig.*, No. 2:19-CV-00463, 2021 WL 3174247 (ED. Va. July 27, 2021). This factor also weighs in favor of preliminary approval. Thus, given the risks Plaintiffs face going forward, the amount offered in Settlement—both monetary and non-monetary—is well-balanced against the hurdles Plaintiffs will have to overcome to find success later down the road.

**2. The method of distributing relief is effective.**

The proposed distribution process will be efficient and effective. The available relief is detailed clearly in the Notice, which will be provided to all Settlement Class Members and lays out the benefits to which they are entitled. Because Settlement Class Members

14

may make claims through a simple online form or by mail, the method of distributing the relief is both efficient and effective.

### 3. The terms relating to attorneys' fees are reasonable.

Class Counsel will request an award of attorneys' fees not to exceed 33% of the Settlement Fund, or $2,220,000, and reasonable litigation expenses not to exceed $30,000. Under the Settlement Agreement, Plaintiffs' request for Attorneys' Fees and Expenses must be filed with the Court at least 15 days before the Objection Deadline and Opt-Out Date. The ultimate fee award will be determined in the discretion of the Court following an application to the Court based on Fourth Circuit law and with the opportunity for comment from Settlement Class Members. Importantly, the Settlement Agreement is not conditioned upon the Court's approval of the fee award.

Class Counsel will request service awards of $2,500 for each of the named Plaintiffs. Service awards of this size are reasonable. *See In re Lumber Liquidators Chinese-Manufactured Flooring Durability Mktg*., No. 115MD2627AJTTRJ, 2020 WL 5757504, at *3 (E.D. Va. Sept. 4, 2020) (granting service award of $5,000). The Settlement Agreement is not conditioned on the Court's approval of this request.

### 4. Any agreement required to be identified under Rule 23(e)(3).

Rule 23(e) mandates that "[t]he parties seeking approval must file a statement identifying any agreement made in connection with the proposal." Fed. R. Civ. P. 23(e)(2)-(3). Here, there are no additional agreements.

15

### 5. The Proposed Settlement Treats Class Members Equitably.

Finally, the proposed Settlement treats all class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2)(D). All Settlement Class Members will have the same opportunity to file a claim for a pro rata share of the Settlement Fund. There is no cap on the total number of claims, meaning that no Class Member will obtain any greater relative benefit over another. Importantly, direct Notice will be sent to Settlement Class Members, and all Settlement Class Members will also have the opportunity to object to or exclude themselves from the Settlement. The only distinction in treatment of Settlement Class Members is that named Plaintiffs will each be seeking a $2,500 award for their services on behalf of the Settlement Class. This factor also supports approval.

### D. The Class Should Be Conditionally Certified for Settlement Purposes.

When presented with a settlement-only class, a district court must determine whether a class meets the requirements of Federal Rules 23(a) and 23(b)(2) or 23(b)(3)— save for evaluation of any class manageability issues at trial. *Amchem*, 521 U.S. at 591, 617, 620. Settlement classes are routinely certified in similar cases dealing with consumer data privacy.[4] There is nothing different about this case, which is demonstrated by examining the requirements of Rule 23(a) and (b).

---

[4] *See, e.g., In re Capital One Consumer Data Sec. Breach Litig.*, No. 1:19md2915 (AJT/JFA), Doc. 118 (E.D. Va. Feb. 7, 2022); *Abubaker v. Dominion Dental USA, Inc*., No. 1:19-cv-01050, 2021 WL 6750844 (E.D. Va. Nov. 19, 2021); *Hutton v. Nat'l Bd. of Examiners in Optometry, Inc.*, No. 1:16-c-03025, 2019 WL 3183651 (D. Md. July 15, 2019); *In re Equifax Inc. Customer Data Sec. Breach Litig*., No. 1:17-md-2800, 2020 WL 256132 (N.D. Ga. Mar. 17, 2020), aff'd in relevant part 999 F.3d 1247 (11th Cir. 2021), cert. denied sub nom. *Huang v. Spector*, 142 S. Ct. 431 (2021), and cert. denied sub nom. *Watkins v. Spector*, No. 21-638, 142 S.Ct. 765 (U.S. 2022); *In re Anthem, Inc. Data Breach Litig*., 327 F.R.D. 299 (N.D. Cal. 2018).

## 1. The Settlement Class Satisfies the Requirements of Rule 23(a)

Certification is appropriate under Rule 23(a) if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

### a. Numerosity

Rule 23(a)(1) demands evidence that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). No set minimum number of potential class members is required to fulfill the numerosity requirement. *Sanchez-Rodriguez v. Jackson's Farming Co. of Autryville*, No. 7:16-CV-28-D, 2017 WL 396667, at *2 (E.D.N.C. Jan. 27, 2017). Here, the proposed Settlement Class satisfies numerosity because the Settlement Class contains approximately 1,362,165 Class Members. Schwartz Dec., ¶ 9; S.A. ¶ 14(ll).

### b. Commonality

The Settlement Class meets Rule 23's "commonality" requirement because "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The requirement is "liberally construed . . . a class action will not be defeated solely because there are some factual variations among the members' grievances." *Rodger v. Elec. Data Sys. Corp.*, 160 F.R.D. 532, 537 (E.D.N.C. 1995). Commonality "does not require that all questions of law or fact in a case be common to each class member, rather, only a single common question must exist." *Id.* With respect to commonality, "[w]hat matters to class certification is the

17

capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc., v. Dukes*, 564 U.S. 338, 350 (2011).

Rule 23(a)(2)'s commonality requirement is met where, as here, the defendant engaged in a common course of conduct. *Fisher v. Virginia Elec. & Power Co.*, 217 F.R.D. 201, 223 (E.D. Va. 2003). Here, all Settlement Class Members suffered the same alleged injury and are asserting the same legal claims. These raise a number of common questions, including but not limited to,

a. Whether Defendant owed a legal duty to not disclose Plaintiffs' and Class Members' personal or health-related information;

b. Whether Defendant breached a legal duty to Plaintiffs and Class Members to exercise due care in collecting, storing, using, and safeguarding their Private Information;

c. Whether Defendant failed to comply with its own policies and applicable laws, regulations, and industry standards relating to data security;

d. Whether Defendant adequately and accurately informed Plaintiffs and Class Members that their Private Information would be disclosed to third parties;

e. Whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information disclosed to third parties; and

f. Whether Class Members are entitled to actual, consequential, and/or nominal damages, and/or injunctive relief as a result of Defendant's alleged wrongful conduct.

These common questions, and others alleged by Plaintiffs in their operative Complaint, are central to the causes of action brought here and can be addressed on a class-wide basis. Thus, Plaintiffs have met the commonality requirement of Rule 23.

Accordingly, common questions of law and fact abound. *See*, *e.g.*, *Dominion*, 2021 WL 6750844, at *3; *Equifax*, 2020 WL 256132, at *11-12; *Anthem*, 327 F.R.D. at 309.

### c. Typicality

Class Representatives for the Settlement Class fulfill Rule 23(a)'s "typicality" requirement because "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The "typicality" requirement does not require the Class Representatives to have identical facts and legal claims as the class; rather, the claims "cannot be so different from the claims of absent class members that their claims will not be advanced by [Class Representatives'] proof of [their] own individual claim[s]." *Beaulieu v. EQ Indus. Servs., Inc*., No. 5:06-CV-00400BR, 2009 WL 2208131, at *13 (E.D.N.C. July 22, 2009). For typicality to be satisfied, the "representative party's interest in prosecuting his own case must simultaneously tend to advance the interests of the absent class members." *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466 (4th Cir. 2006). "Generally, the court must determine whether the asserted claims 'arise from the same event or practice or course of conduct and are based on the same legal theories as the claims of the unnamed class members.'" *Id.* at *40 (citing *Rodger*, 160 F.R.D. at 538).

This requirement is readily satisfied in cases like this one. The legal and factual arguments that the Plaintiffs representing the Settlement Class advance are the same arguments that other Settlement Class Members would advance in support of their claims. In this case, "[b]ecause the claims of the representative parties are the same as the claims of the class, the typicality requirement is satisfied." *Thorn v. Jefferson-Pilot Life Ins. Co*.,

19

445 F.3d 311, 339 (4th Cir. 2006).

### d. Adequate Representation

Plaintiffs meet Rule 23(a)(4)'s adequacy requirement because Class Representatives have "common interests with unnamed members of the class" and "vigorously prosecute[d] the interests of the class through qualified counsel." *Beaulieu*, 2009 WL 2208131, at *15 (citing *Olvera-Morales v. Intern. Labor Mgmt Corp.*, 246 F.R.D. 250, 258 (M.D.N.C. 2007)). Here, the interests of the Class Representatives fully align with the members of the Settlement Class. As discussed above, Plaintiffs are prosecuting the same claims as the Settlement Class, and these claims arise out of the same course of conduct by Novant, and rest on the same legal theory – whether Novant owed Plaintiffs and Class Members a duty to adequately protect their personal and health-related information and whether it breached those duties. The Class Representatives have also demonstrated their commitment to monitor and supervise the prosecution of the case on behalf of the Settlement Class.

Furthermore, the Class Representatives have protected the interests of the Settlement Class by retaining qualified, experienced counsel to represent the Settlement Class. Class Counsel have litigated this case vigorously. Klinger Dec., ¶ 26. Class Counsel are nationally recognized for prosecuting large, complex class actions, and have effectively represented numerous plaintiffs in many other data privacy class actions. *Id.*, *¶ 25*. Thus, per Rule 23, Class Representatives and Class Counsel provide adequate representation of the Settlement Class.

### e. Ascertainability

Rule 23 also contains the implied requirement that the court be able to "readily identify the class members in reference to objective criteria." *EQT Production Co. v. Adair*, 764 F.3d 247, 358 (4th Cir. 2014). A proposed class representative "need not be able to identify every class member at the time of certification." *Id.* "[E]xtensive and individualized fact-finding" or "mini-trials" render certification inappropriate. *Id.* (quoting *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 593 (3d Cir. 2012)). Here, Defendant identified each member of the Class and sent them notice that Novant had used an Internet tracking technology supplied by a third party, which may have led to the disclosure of certain personal or health-related information to a vendor when the individuals used Defendant's websites or MyChart patient portal.

### 2. The Settlement Class Satisfies the Requirements of Rule 23(b)(3)

Because the Settlement Class seeks to recover damages, the Court must also determine whether the Class complies with the commonality and superiority requirements of Fed. R. Civ. P. 23(b)(3). Both requirements are satisfied here.

### a. Common Questions of Law and Fact Predominate.

The Settlement Class satisfies the predominance inquiry because the "'proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Beaulieu*, 2009 WL 2208131, at *20 (citing *Amchem*, 521 U.S. at 623). "The inquiry with respect to the predominance standard focuses on the issue of liability, and if the liability issue is common to the class, common questions are held to predominate over individual ones." *In re Red Hat, Inc. Sec. Litig.*, 261 F.R.D. 83, 89-90 (E.D.N.C. 2009) (internal citation

omitted); *accord McLaurin v. Prestage Foods, Inc.*, 271 F.R.D. 465, 478 (E.D.N.C. 2010) ("common evidence . . . would establish a prima facie case for the class.").

Here, the numerous questions common to the Class, including those listed above, demonstrate commonality within the meaning of the statute, and predominate over any individual issues. The key elements of Plaintiffs' claims—whether Defendant owed a legal duty not to disclose Plaintiffs' and Class Members' personal and health-related information, whether that duty was breached, and whether Plaintiffs and Class Members are entitled to compensation as a result of that potential breach—are common issues, and thus the class is "sufficiently cohesive to warrant adjudication by representation," *Amchem*, 521 U.S. at 623.

### b. Class Resolution of this Action is Superior to Other Methods of Adjudication.

Litigating the same claims of approximately 1,300,000 persons through individual litigation would obviously be inefficient. The superiority requirement thus is satisfied. *See Equifax*, 2020 WL 256132, at *14; *Anthem*, 327 F.R.D. at 315-16. This case also presents a disincentive to pursue individual lawsuits because the prospect of small individual recoveries is dwarfed by the cost of litigation. Class treatment is undeniably superior to individual adjudications.

## V. PLAINTIFFS' NOTICE FORM AND PLAN SATISFY THE REQUIREMENTS OF THIS COURT.

As outlined above, the Notice provided satisfies Rule 23 requirements. The proposed Notices (Exhibits B and C to the Settlement Agreement) provide clear and accurate information as to: (1) a summary of the complaint and the nature and principal

22

terms of the Settlement; (2) the definitions of the Settlement Class; (3) the claims and defenses alleged; (4) the procedures and deadlines for opting-out of the proposed Settlement or submitting objections and the date, time and place of the Final Approval Hearing; and (5) the consequences of taking or foregoing the options available to Class Members. The proposed Notice informs Class Members about the attorneys' fees and costs that may be sought by proposed Class Counsel, pursuant to Fed. R. Civ. P. 23(h), and the identities and contact information for Class Counsel, Counsel for Defendant, and the Court. The Notice Program complies with the standards of fairness, completeness, and neutrality required of a settlement class notice disseminated under authority of the Court. *See, e.g.*, Manual Fourth § 21.311-21.312.

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court: (1) preliminarily approve the proposed Settlement Agreement pursuant to Fed. R. Civ. P. 23(c) and (e); (2) preliminarily and conditionally certify the proposed Settlement Class; (3) approve the proposed Class Notice; (4) preliminarily approve Class Counsel and Plaintiffs to represent the Settlement Class; and (5) schedule a Final Approval Hearing to consider final approval of the proposed Settlement, and approval of attorneys' fees, costs, and Service Awards.

Respectfully submitted this the 12th day of October 2023.

/s/ Scott C. Harris
Scott C. Harris
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLCR**
900 W. Morgan Street
Raleigh, NC 27603
Telephone: (919) 600-5003
sharris@milberg.com

Gary M. Klinger (*pro hac vice*)
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
(866) 252-0878
gklinger@milberg.com

David K. Lietz
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
5335 Wisconsin Avenue NW, Suite 440
Washington, D.C. 20015-2052
(866) 252-0878
dlietz@milberg.com

Terence R. Coates (*pro hac vice*)
**MARKOVITS, STOCK &**
**DEMARCO, LLC**
119 East Court Street, Suite 530
Cincinnati, OH 45202
(513) 651-3700
tcoates@msdlegal.com

M. Anderson Berry (*pro hac vice*)
**CLAYEO C. ARNOLD,**
**A PROFESSIONAL LAW CORP.**
865 Howe Avenue
Sacramento, CA 95825
(916) 239-4778
aberry@justice4you.com

24

Rachele R. Byrd (*pro hac vice*)
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
byrd@whafh.com

Bryan L. Bleichner
Philip J. Krzeski
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
(612) 339-7300
bbleichner@chestnutcambronne.com
pkrzeski@chestnutcambronne.com

Joseph M. Lyon
**THE LYON LAW FIRM**
2754 Erie Ave.
Cincinnati, OH 45208
(513) 381-2333
jlyon@thelyonfirm.com

*Attorneys for Plaintiffs and proposed*
*Settlement Class*

25

## **LOCAL RULE 7.3(d)(1) WORD COUNT CERTIFICATION**

I hereby certify, on October 12, 2023, that this Brief complies with Local Rule 7.3(d)(1) in that it does not exceed 6,250 words in length, including the body of the brief, headings, and footnotes.

/s/ *Scott C. Harris*
Scott C. Harris

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 12, 2023, I served a copy of the foregoing via electronic filing in the ECF system.

/s/ *Scott C. Harris*
Scott C. Harris
