# EXHIBIT 3

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |
|---|---|
| IN RE: NOVANT HEALTH, INC. | Civil Action No. 1:22-cv-00697 |
|  | Hon. Catherine C. Eagles |
|  | **DECLARATION OF BRANDON SCHWARTZ REGARDING PROPOSED NOTICE PLAN AND ADMINISTRATION** |

I, Brandon Schwartz, declare as follows:

 1. I am a Director of Legal Notice preparing this Declaration for the proposed Class Administrator, Postlethwaite & Netterville, APAC ("P&N")[1], a full-service administration firm providing legal administration services, including the design, development, and implementation of impartial and complex legal notification programs. We were asked by Counsel to develop and execute the proposed Notice Plan and to administer the claims process in the above-referenced matter (the "Action")[2]. The following statements are based on my personal knowledge as well as information provided by other experienced employees working under my supervision.

 2. We have undertaken the creation and execution of notice plans, along with the administration of diverse class action and mass action settlements. Our expertise extends across a wide array of subject matters, encompassing but not limited to, data breach, privacy, products liability, consumer, mass tort, antitrust, insurance, and healthcare. The accomplished members of

---

[1] As of May 21, 2023, the Directors & employees of Postlethwaite & Netterville (P&N), APAC joined EisnerAmper as EAG Gulf Coast, LLC. Where P&N is named or contracted, EAG Gulf Coast, LLC employees will service the work under those agreements. P&N's obligations to service work may be assigned by P&N to Eisner Advisory Group, LLC or EAG Gulf Coast, LLC, or one of Eisner Advisory Group, LLC's or EAG Gulf Coast, LLC's subsidiaries or affiliates.

[2] All capitalized terms not otherwise defined in this document shall have the meaning ascribed to them in the Settlement Agreement.

our team possess broad experience in the design and implementation of notice procedures involving various aspects of class certification and settlement programs.

## <u>EXPERIENCE</u>

3.      Drawing upon over 15 years of extensive expertise in class action, advertising, media, and marketing, I have cultivated comprehensive noticing solutions encompassing all facets of class action certification and settlement notice programs. My proficiency extends to an understanding of email and postal distribution methodologies, reach and frequency analysis, strategic media generation, meticulous demographic research, media plan design, effective media development and procurement, commercial and video production creation, and the adept application of best practices for effective social media outreach.

4.      I have designed, implemented, and managed notice campaigns for more than 100 cases. Some of my notice plans include: *Rivera, et al. v. Google LLC,* No. 2019-CH-00990 (Cir. Ct. Cook County); *Baldwin et al. v. National Western Life Insurance Company,* No. 2:21-cv-04066 (W.D. Mo.); *Hadley v. Kellogg Sales Co.,* No. 5:16-cv-04955 (N.D. Cal.)*; Miracle-Pond, et al. v. Shutterfly, Inc*, No. 2019-CH-07050 (Cir. Ct. Cook County); *Siddle, et al. v. The Duracell Company, et al.*, No. 4:19-cv-00568 (N.D. Cal.); *Jones v. Monsanto,* No. 4:19-cv-00102 (W.D. Mo.); and *In re: Interior Molded Doors Indirect Purchaser Antitrust Litigation,* No. 3:18-cv-00850 (E.D. Va.). A description of my experience is attached as **Exhibit A**.

5.      The courts have consistently acknowledged both the credibility of our team (curriculum vitae attached hereto as **Exhibit B**) and the effectiveness of my class action notice plans. Illustrative court opinions affirming the sufficiency of our notice plans include:

a.      On February 17, 2023, in the Final Approval Order in *Pagan, et al. v. Faneuil, Inc.*, No. 3:22-cv-297 (E.D. Va.), Judge Robert E. Payne ruled:

> The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement

Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

b. In the matter *Rivera, et al. v. Google LLC,* No. 2019-CH-00990 (Cir. Ct. Cook County), Judge Anna M. Loftus ruled on September 28, 2022:

The Court finds that the Settlement Administrator has complied with the approved notice process as confirmed by its Declaration filed with the Court. The Court further finds that the Notice plan set forth in the Settlement as executed by the Settlement Administrator satisfied the requirements of Due Process and 735 ILCS 5/2-803. The Notice plan was reasonably calculated and constituted the best notice practicable to apprise Settlement Class Members of the nature of this litigation, the scope of the Settlement Class, the terms of the Settlement, the right of Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. Accordingly, the Court finds and concludes that the Settlement Class Members have been provided the best notice practicable under the circumstances, and that the Notice plan was clearly designed to advise Settlement Class Members of their rights.

c. Additionally, on June 16, 2022, in the Order in *Baldwin et al. v. National Western Life Insurance Company,* No. 2:21-cv-04066 (W.D. Mo.), Judge Willie J. Epps, Jr ruled:

The Court finds that such Notice as therein ordered, constituted the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Rule 23(c)(2).

## **OVERVIEW**

6. Based on our review of the Settlement Agreement, the proposed Settlement Class consists of:

All individuals residing in the United States who Defendant identified as potentially having their personal or health-related information disclosed to a third party because of Defendant's use of Tracking Tools on Defendant's websites or MyChart patient portal between May 1, 2020 and August 12, 2022. Excluded from the Class are (i) Defendant,

any entity in which Defendant has a controlling interest, and Defendant's affiliates, parents, subsidiaries, officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Litigation and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly excludes themselves from the Settlement.

7.     Excluded from the Class are (i) Defendant, any entity in which Defendant has a controlling interest, and Defendant's affiliates, parents, subsidiaries, officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Litigation and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly excludes themselves from the Settlement.

8.     The objective of this Notice Plan is to ensure the delivery of the most feasible and effective notice to the Class, in compliance with the provisions set forth in Fed. R. Civ. P. 23. Consequently, it is my opinion that the ensuing Notice Plan satisfies due process standards and adheres to the recommendations in the *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide*.[3]

## PROPOSED NOTICE PLAN

9.     We've been informed by Class Counsel that the estimated Settlement Class size is approximately 1,362,165 individuals. Upon preliminary approval of the Settlement Agreement, Defendant will provide a list of records comprised of the names, last known mailing addresses, and, where available, email addresses of Settlement Class Members known to the Defendant ("Class Notice List").

10.    The proposed Notice Plan provides that individual notice be sent via email ("Email Notice") to all Class Members identified in the Class Notice List for whom a facially valid email address is available and/or via direct notice via postal mail ("Postcard Notice").

**Direct Email Notice**

11.    The Short Form Notice, attached as Exhibit C of the Settlement Agreement, will be formatted for email distribution and created using embedded html text format presenting a

---

[3]     https://www.fjc.gov/content/301350/illustrative-forms-class-action-notices-notice-checklist-and-plain-language-guide

user-friendly and easily readable layout that avoids the inclusion of tables, graphs or other elements that may increase the likelihood of the email landing in SPAM folders and/or being blocked by Internet Service Providers ("ISP" or "ISPs"). Additionally, we are committed to adhering to email industry best practices, incorporating essential elements such as "unsubscribe" links, Administrator contact information, and maintaining multiple IP addresses with strong sender reputations.[4]

     12.     To safeguard the integrity and optimize the deliverability of the Email Notice, all emails undergo a hygiene and verification process. This process entails deduplication, syntax validation, detection and correction of misspelled domains, domain validation, and risk validation. Emails that pass the hygiene and verification process will be batched into small groups and sent over multiple days to decrease the likelihood of being erroneously flagged as bulk junk email. We will monitor and report to the Parties and the Court all email delivery attempts. In instances where an email is returned as undeliverable, commonly known as a 'bounce,' the reason for the bounce will be documented. If an email address is determined to be non-existent as attempted, this will be categorized as a 'hard bounce,' and no further delivery attempts to that email address will be made. Instances where the inbox is full, initial blocking or deferral by the ISP, or any other factors impeding delivery are categorized as 'soft bounces.' To limit the number of undelivered emails resulting from soft bounces, we will continue making re-send attempts to addresses experiencing a soft-bounce for a period of 72-hours. If the email remains undeliverable after this 72-hour period, it will be deemed undeliverable, and no additional delivery attempts will be pursued for that particular email address.

---

[4] ISP's assign scores, or sender reputation, to domains and IP addresses which tells email inbox providers if the email should be delivered to the recipient's inbox or directed to the spam folder. The sender reputation is determined by multiple factors such as: the timing and number of emails sent from the IP/domain; number of recipients that have marked incoming mail from the sender as spam; number of emails that are delivered directly to spam boxes; number of emails that bounce back; number of recipients that interact with the email (e.g. open, reply, forward or delete); quality of the content within the email (e.g. typos); the number of users that unsubscribe; and many other factors.

**Direct Mail Notice**

13.     We also will mail the Postcard Notice by United States Postal Service ("USPS") First Class Mail. Prior to mailing, all mailing addresses will be checked against the National Change of Address ("NCOA") database maintained by USPS to ensure the accuracy and currency of Class Member address information for proper formatting and mail delivery.[5] Should NCOA provide a more current mailing address for a Class Member, we will update the address accordingly. Additionally, the addresses will be validated through the Coding Accuracy Support System ("CASS") to uphold zip code precision, while Delivery Point Validation ("DPV") will be employed to verify address accuracy. In instances where a Postcard Notice is returned with forwarding address information, we will re-mail to the newly provided address. For any Postcard Notices that are returned as undeliverable, we will use standard skip-tracing to obtain forwarding address information. If skip-tracing yields an alternative forwarding mailing address, we will re-mail the Postcard Notice to the address identified through the skip-tracing process.

**Settlement Website**

14.     We will create and maintain a website dedicated to this Settlement ("Settlement Website"). The website address will be prominently included in the Class Notices. The Class Notices, along with other relevant documents, will be posted on the Settlement Website for Class Members to review and download.  The Settlement Website will also allow Class Members to submit a claim electronically, and include relevant dates, other case-related information, instructions for how to be excluded from the Class or object to the Settlement, and contact information for the Settlement Administrator.

---

[5] The NCOA database is maintained by the USPS and consists of approx. 160 million permanent change-of-address (COA) records consisting of names and addresses of individuals, families, and businesses who have filed a change-of-address with the Postal Service™. The address information is maintained on the database for 48 months.

**Dedicated Toll-Free Hotline**

15.     A dedicated toll-free informational hotline will be available 24 hours per day, seven days per week. The hotline will utilize an interactive voice response ("IVR") system where Class Members can obtain essential information regarding the Settlement and be provided responses to frequently asked questions. Class Members will also have the option to leave a voicemail and receive a call back from the Administrator.

## REQUESTS FOR EXCLUSION

16.     Class Members that want to exclude themselves from the Class may submit a request for exclusion by mail to a dedicated Post Office Box that we will maintain. We will monitor all mail delivered to that Post Office Box and will track all exclusion requests received, which will be provided to the Parties.

## PLAIN LANGUAGE

17.     I have reviewed the Class Notices attached as Exhibits A-C to the Settlement Agreement. These documents were drafted and designed to inform Class Members about the Settlement, are presented in plain language, are designed to be noticed, and conform to the standards set forth in the Federal Judicial Center's *Judges Class Action Notice and Claim Process Checklist* and Plain Language Guide.

18.     The body of the Class Notices are formatted in such a way that Class Members can easily digest information to allow them to determine whether they qualify as a Class Member, identify important information and key dates, and obtain information about the Action in easy-to-read question and answer format. Important dates and deadlines will be featured in bold font, contact information for the Parties and Settlement Administrator will be provided in easy-to-read tables, where appropriate, and details about how to be excluded from the Action will be easy to identify in the question and answer format.

## **CONCLUSION**

19.     The proposed Notice Plan includes individual direct notice – written in accordance with plain language guidance – to all members of the class who can be identified through reasonable efforts. This Notice Plan will provide the best notice that is practicable under the circumstances.

20.     It is my opinion, based on my expertise and experience and that of my team, that this method of focused notice dissemination provides effective notice in this Action, will provide the best notice that is practicable, adheres to Fed. R. Civ. P. 23, follows the guidance set forth in the Manual for Complex Litigation 4th Ed. and FJC guidance, and exceeds the requirements of due process, including its "desire to actually inform" requirement.[6]

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 12th day of October, 2023 in Portland, Oregon.


_____*/s/* Brandon Schwartz_____
                Brandon Schwartz

---

[6] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950)

*In Re Novant Health, Inc.*, No. 1:22-cv-00697
Declaration of Brandon Schwartz
Case 1:22-cv-00697-CCE-JEP    Document 52-3    Filed 10/12/23    Page 9 of 39


Exhibit A: CV of Brandon Schwartz



# Brandon Schwartz



Brandon Schwartz is the Director of Notice for EAG Gulf Coast, LLC. He is responsible for developing customized legal notice solutions for clients related to class action notice and claims administration programs.

Brandon has more than 15 years of experience designing and implementing complex notice programs. His knowledge of email and postal distribution, demographic research, reach and frequency methodology, digital and social media strategies, and Fed R. Civ 23 compliance keep clients informed of the best practices in legal notice design. He is the author of several articles pertaining to Rule 23 changes and notice design and implementation.

Brandon has designed and implemented notice campaigns for hundreds of cases in his career. Prior to joining EAG Gulf Coast, LLC, Brandon was the Director of Notice and Media for a large claims administrator where he was responsible for overseeing cases such as: *In re Ductile Iron Pipe Fittings ("DIPF") Indirect Purchaser Antitrust Litigation*; *In re Sony PS3 "Other OS" Litigation*; *Gordon v. The Hain Celestial Group et al*; and *Smith, et al. v. Floor & Decor Outlets of America, Inc.*

## EDUCATION & CREDENTIALS
- Bachelor of Science, Marketing, University of Illinois at Chicago
- Bachelor of Science, Management, University of Illinois at Chicago
- Legal Notice Expert

## ARTICLES
- Legal Notice and Social Media: How to Win the Internet
- Rule 23 Changes: Avoid Delays in Class Settlement Approval
- Rule 23 Changes: How Electronic Notice Can Save Money
- Tackling Digital Class Notice with Rule 23 Changes
- What to Expect: California's Northern District Procedural Guidance Changes

## SPEAKING ENGAGEMENTS
- Class Action Law Forum: Notice and Administration: Fraud and Third-Party Filers, San Diego, CA, March 18, 2023
- Class Action Law Forum: Settlement and Notice & Claims Trends, San Diego, CA, March 18, 2022
- Class Action Law Forum: Consumer Class Actions, San Diego, CA, March 5, 2020
- Class Action Mastery: Best Practices in Claims Settlement Administration, HB Litigation Conference, San Diego, CA, January 17, 2019
- Class Action Mastery: Communication with the Class, HB Litigation Conference, New York, NY, May 10, 2018

EAG Gulf Coast, LLC is a subsidiary of Eisner Advisory Group LLC. "EisnerAmper" is the brand name under which EisnerAmper LLP and Eisner Advisory Group LLC and its subsidiary entities provide professional services. EisnerAmper LLP and Eisner Advisory Group LLC are independently owned firms that practice in an alternative practice structure in accordance with the AICPA Code of Professional Conduct and applicable law, regulations and professional standards. EisnerAmper LLP is a licensed CPA firm that provides attest services, and Eisner Advisory Group LLC and its subsidiary entities provide tax and business consulting services. Eisner Advisory Group LLC and its subsidiary entities are not licensed CPA firms.

## SAMPLE JUDICIAL COMMENTS

- ***Hezi v. Celsius Holdings, Inc.***, Case No. 1:21-CV-09892-VM (S.D.N.Y.), Judge Jennifer H. Rearden on April 5, 2023:

  *The Court finds and determines that the notice procedure carried out by Claims Administrator Postlethwaite & Netterville, APAC ("P&N") afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the Notice was the best notice practicable, and has satisfied the requirements of law and due process.*

- ***Scott Gilmore et al. v. Monsanto Company, et al.***, Case No. 3:21-CV-8159 (N.D. Cal.), Judge Vince Chhabria on March 31, 2023:

  *The Court finds that Class Notice has been disseminated to the Class in compliance with the Court's Preliminary Approval Order and the Notice Plan. The Court further finds that this provided the best notice to the Class practicable under the circumstances, fully satisfied due process, met the requirements of Rule 23 of the Federal Rules of Civil Procedure, and complied with all other applicable law.*

- ***John Doe et al. v. Katherine Shaw Bethea Hospital and KSB Medical Group, Inc.***, Case No. 2021L00026 (Fifteenth Judicial Circuit of Illinois, Lee County), on March 28, 2023:

  *The Court has determined that the notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of 735 ILCS 5/2-803, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.*

- ***Sanders et al. v. Ibex Global Solutions, Inc. et al.***, Case No. 1:22-CV-00591 (D.D.C.), Judge Trevor N. McFadden on March 10, 2023:

  *An affidavit or declaration of the Settlement Administrator's compliance with the Notice process has been filed with the Court. The Notice process as set forth in the Settlement Agreement and ordered in the Preliminary Approval Order constitutes the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members in accordance with the requirements of Federal Rule of Civil Procedure 23(c)(2).*

- ***Pagan, et al. v. Faneuil, Inc.***, Case No. 3:22-CV-297 (E.D. Va), Judge Robert E. Payne on February 16, 2023:

  *The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did*



**EAG Gulf Coast, LLC**

provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

- *LaPrairie v. Presidio, Inc., et al.*, Case No. 1:21-CV-08795-JFK (S.D.N.Y.), Judge Andrew L. Carter, Jr. on December 12, 2022:

    The Court hereby fully, finally and unconditionally approves the Settlement embodied in the Settlement Agreement as being a fair, reasonable and adequate settlement and compromise of the claims asserted in the Action. The Class Members have been given proper and adequate notice of the Settlement, fairness hearing, Class Counsel's application for attorneys' fees, and the service award to the Settlement Class Representative. An affidavit or declaration of the Settlement Administrator's compliance with the Notice process has been filed with the Court. The Notice process as set forth in the Settlement Agreement and ordered in the Preliminary Approval Order constitutes the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members in accordance with the requirements of Federal Rule of Civil Procedure 23(c)(2).

- *Nelson v. Bansley & Kiener, LLP*, Case No. 2021-CH-06274 (Circuit Court of Cook County, IL), Judge Sophia H. Hall on November 30, 2022:

    The court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with requirements of 735 ILCS 5/2-801, et seq.

- *Buck, et al. v. Northwest Commercial Real Estate Investments, LLC, et al.*, Case No. 21-2-03929-1-SEA (Superior Court King County, WA), Judge Douglass A. North on September 30, 2022:

    Pursuant to the Court's Preliminary Approval Order, Postcard Notice was distributed to the Class by First Class mail and Email Notice was distributed to all Class Members for whom the Settlement Administrator had a valid email address. The Court hereby finds and concludes that Postcard and Email Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement and in compliance with the Court's Preliminary Approval Order. The Court further finds and concludes that the Postcard and Email Notice, and the distribution procedures set forth in the Settlement fully satisfy CR 23(c)(2) and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all members of the Class who could be identified through reasonable effort, provided an opportunity for the Class Members to object or exclude



**EAG Gulf Coast, LLC**

*themselves from the Settlement, and support the Court's exercise of jurisdiction over the Settlement Class Members as contemplated in the Settlement and this Final Approval Order.*

- ***Rivera, et al. v. Google LLC,*** Case No. 2019-CH-00990 (Circuit Court of Cook County, IL), Judge Anna M. Loftus on September 28, 2022:

  *Pursuant to this Court's Order granting preliminary approval of the Settlement, Postlethwaite & Netterville, APAC ("P&N") served as Settlement Administrator. This Court finds that the Settlement Administrator performed all duties thus far required as set forth in the Settlement Agreement.*

  *The Court finds that the Settlement Administrator has complied with the approved notice process as confirmed by its Declaration filed with the Court. The Court further finds that the Notice plan set forth in the Settlement as executed by the Settlement Administrator satisfied the requirements of Due Process and 735 ILCS 5/2-803. The Notice plan was reasonably calculated and constituted the best notice practicable to apprise Settlement Class Members of the nature of this litigation, the scope of the Settlement Class, the terms of the Settlement, the right of Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. Accordingly, the Court finds and concludes that the Settlement Class Members have been provided the best notice practicable under the circumstances, and that the Notice plan was clearly designed to advise the Settlement Class Members of their rights.*

- ***Patricia Davidson, et al. v. Healthgrades Operating Company, Inc.***, Case No. 21-cv-01250-RBJ (D. Colo), Judge R. Brooke Jackson on August 22, 2022:

  *The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2).*

- ***Hosch et al. v. Drybar Holdings LLC,*** Case No. 2021-CH-01976 (Circuit Court of Cook County, IL), Judge Pamela M. Meyerson on June 27, 2022:

  *The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of 735 ILCS 5/2-803, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.*



**EAG Gulf Coast, LLC**

- ***Baldwin et al. v. National Western Life Insurance Company,*** 2:21-cv-04066-WJE (W.D. MO), Judge Willie J. Epps, Jr. on June 16, 2022:

    *The Court finds that such Notice as therein ordered, constituted the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Rule 23(c)(2).*

- ***Chapman et al. v. voestalpine Texas Holding LLC,*** Case No. 2:17-cv-174 (S.D. Tex.), Judge Nelva Gonzales Ramos on June 15, 2022:

    *The Class and Collective Notice provided pursuant to the Agreement and the Order Granting Preliminary Approval of Class Settlement:*

    *(a) Constituted the best practicable notice, under the circumstances;*
    *(b) Constituted notice that was reasonably calculated to apprise the Class Members of the pendency of this lawsuit, their right to object or exclude themselves from the proposed settlement, and to appear at the Fairness Hearing;*
    *(c) Was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and*
    *(d) Met all applicable requirements of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution because it stated in plain, easily understood language the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through an attorney if the member so desires; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on members under Rule 23(c)(3).*

- ***Hanson v. Welch Foods Inc.,*** Case No. 3:20-cv-02011 (N.D. Cal.), Judge Joseph C. Spero on April 15, 2022:

    *The Class Notice and claims submission procedures set forth in Sections 5 and 9 of the Settlement Agreement, and the Notice Plan detailed in the Declaration of Brandon Schwartz filed on October 1, 2021, fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement Agreement and this Order. See Fed. R. Civ. P. 23(e)(2)(C)(ii).*

- ***McMorrow, et al. v. Mondelez International, Inc.,*** No. 17-cv-02327 (S.D. Cal.), Judge Cynthia Bashant on April 8, 2022:

    *Notice was administered nationwide and achieved an overwhelmingly positive outcome, surpassing estimates from the Claims Administrator both in the predicted reach of the notice (72.94% as compared to 70%) as well as in participation from the*



**EAG Gulf Coast, LLC**

*class (80% more claims submitted than expected). (Schwartz Decl. ¶ 14, ECF No. 206-1; Final App. Mot. 3.) Only 46 potential Class Members submitted exclusions (Schwartz Decl. ¶ 21), and only one submitted an objection—however the objection opposes the distribution of fees and costs rather than the settlement itself. (Obj. 3.) The Court agrees with Plaintiffs that the strong claims rate, single fee-related objection, and low opt-out rate weigh in favor of final approval.*

- ***Hadley, et al. v. Kellogg Sales Company,*** No. 16-cv-04955 (N.D. Cal.), Judge Lucy H. Koh on November 23, 2021:

  *The Class Notice and claims submission procedures set forth in Sections 4 and 6 of the Settlement Agreement, and the Notice Plan filed on March 10, 2021, fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Classes as contemplated in the Settlement Agreement and this Order. See Fed. R. Civ. P. 23(e)(2)(C)(ii).*

- ***Miracle-Pond, et al. v. Shutterfly, Inc.,*** No. 2019-CH-07050 (Circuit Court of Cook County, IL), Judge Raymond W. Mitchell on September 9, 2021:

  *This Court finds that the Settlement Administrator performed all duties thus far required as set forth in the Settlement Agreement. The Court finds that the Settlement Administrator has complied with the approved notice process as confirmed by its Declaration filed with the Court. The Court further finds that the Notice plan set forth in the Settlement as executed by the Settlement Administrator satisfied the requirements of Due Process and 735 ILCS 5/2-803. The Notice plan was reasonably calculated and constituted the best notice practicable to apprise Settlement Class Members of the nature of this litigation, the scope of the Settlement Class, the terms of the Settlement, the right of Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. Accordingly, the Court finds and concludes that the Settlement Class Members have been provided the best notice practicable under the circumstances, and that the Notice plan was clearly designed to advise the Settlement Class Members of their rights.*

- ***In re: Interior Molded Doors Indirect Purchasers Antitrust Litigation,*** No. 3:18-cv-00850 (E.D. Va.), Judge John A. Gibney on July 27, 2021:

  *The notice given to the Settlement Class of the settlement set forth in the Settlement Agreement and the other matters set forth herein was the best notice practicable under the circumstances. Said notice provided due and adequate notice of the proceedings an of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons and entities entitled to such*



**EAG Gulf Coast, LLC**

*notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e) and the requirements of due process.*

- ***Krommenhock, et al. v. Post Foods, LLC,*** No. 16-cv-04958 (N.D. Cal.), Judge William H. Orrick on June 25, 2021:

    *The Class Notice and claims submission procedures set forth in Sections 4 and 6 of the Settlement Agreement and the Notice Plan filed on January 18, 2021 fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Classes as contemplated in the Settlement Agreement and this Order. See Fed. R. Civ. P. 23(e)(2)(C)(ii).*

- ***Lisa Jones et al. v. Monsanto Company, et al.,*** No. 4:19-cv-00102-BP (W.D. Mo.), Chief Judge Beth Phillips on May 13, 2021:

    *The Court also notes that there has been only one objection filed, and even the Objector has not suggested that the amount of the settlement is inadequate or that the notice or the method of disseminating the notice was inadequate to satisfy the requirements of the Due Process Clause or was otherwise infirm...However, with respect to the Rule 23(e) factors, the Court finds that the process used to identify and pay class members and the amount paid to class members are fair and reasonable for settlement purposes.*

- ***Winters et al. v. Two Towns Ciderhouse Inc.,*** No. 3:20-cv-00468-BAS-BGS (S.D. Cal.), Judge Cynthia Bashant on May 11, 2021:

    *The settlement administrator, Postlethwaite and Netterville, APAC ("P&N") completed notice as directed by the Court in its Order Granting Preliminary Approval of the Class Action Settlement. (Decl. of Brandon Schwartz Re: Notice Plan Implementation and Settlement Administration ("Schwartz Decl.") ¶¶ 4–14, ECF No. 24-5.)....Notice via social media resulted in 30,633,610 impressions. (Schwartz Decl. ¶4.) Radio notice via Spotify resulted in 394,054 impressions. (Id. ¶ 5.) The settlement website received 155,636 hits, and the toll-free number received 51 calls. (Id. ¶¶ 9, 14.). Thus, the Court finds the Notice complies with due process.*

- ***Siddle, et al. v. The Duracell Company, et al.,*** No. 4:19-cv-00568 (N.D. Cal.), Judge James Donato on April 19, 2021:

    *The Court finds that the Class Notice and Claims Administration procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort, and support the*



**EAG Gulf Coast, LLC**

*Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Final Approval Order.*

- ***Fabricant v. Amerisave Mortgage Corporation**, No. 19-cv-04659-AB-AS (C.D. Cal.), Judge Andre Birotte, Jr. on November 25, 2020:*

  *The Class Notice provided to the Settlement Class conforms with the requirements of Fed. Rule Civ. Proc. 23, the California and United States Constitutions, and any other applicable law, and constitutes the best notice practicable under the circumstances, by providing individual notice to all Settlement Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Settlement Class Members. The notice fully satisfied the requirements of Due Process. No Settlement Class Members have objected to the terms of the Settlement.*

- ***Edward Makaron et al. v. Enagic USA, Inc.**, 2:15-cv-05145 (C.D. Cal.), Judge Dean D. Pregerson on January 16, 2020:*

  *The Court makes the following findings and conclusions regarding notice to the Class:*

  *a. The Class Notice was disseminated to persons in the Class in accordance with the terms of the Settlement Agreement and the Class Notice and its dissemination were in compliance with the Court's Preliminary Approval Order;*

  *b. The Class Notice: (i) constituted the best practicable notice under the circumstances to potential Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient individual notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.*

- ***John Karpilovsky and Jimmie Criollo, Jr. et al. v. All Web Leads, Inc.**, 1:17-cv-01307 (N.D. Ill.), Judge Harry D. Leinenweber on August 8, 2019:*

  *The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.*

  *The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement*



**EAG Gulf Coast, LLC**

*Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.*

- ***Hartig Drug Company Inc., v. Senju Pharmaceutical LTD., and Allergan, Inc.,*** 1:14-cv-00719 (D. Del.), Judge Joseph F. Bataillon on May 3, 2018:

  *The Court approves the proposed notice program, including the Mail Notice and the Publication Notice, attached as Exhibits A and B to the Declaration of Brandon Schwartz of Garden City Group in support of Plaintiff's Unopposed Motion to Distribute Notice to the Settlement Class ("Schwartz Declaration"). The Court further approves the claim form attached as Exhibit C to the Schwartz Declaration. The Court finds that the manner of notice proposed constitutes the best practicable notice under the circumstances as well as valid, due, and sufficient notice to all persons entitled thereto and complies fully with the requirements of the Federal Rule of Civil Procedure 23...*

- ***Gordon v. Hain Celestial Group, et al.,*** 1:16-cv-06526 (S.D.N.Y.), Judge Katherine B. Forrest on September 22, 2017:

  *The form, content, and method of dissemination of the Class Notice given to Settlement Class Members - as previously approved by the Court in its Preliminary Approval Order – were adequate and reasonable, constituted the best notice practicable under the circumstances, and satisfied the requirements of Rule 23 (c) and (e) and Due Process.*

- ***In re: Sony PS3 "Other OS" Litigation,*** 4:10-cv-01811 (N.D. Cal.), Judge Yvonne Gonzalez Rogers on June 8, 2018:

  *The Court finds that the program for disseminating notice to the Class provided for in the Settlement, and previously approved and directed by the Court (the "Notice Program"), has been implemented by the Settlement Administrator and the Parties, and that such Notice Program, including the approved forms of notice, constitutes the best notice practicable under the circumstances and fully satisfied due process, the requirements of Rule 23 of the Federal Rules of Civil Procedure and all other applicable laws.*

- ***In re: Ductile Iron Pipe Fittings ("DIPF") Indirect Purchaser Antitrust Litigation,*** 3:12-cv-00169 (D.N.J.), Judge Anne E. Thompson on June 8, 2016:

  *Notice of the Settlement Agreements to the Settlement Classes required by Rule 23(e) of the Federal Rules of Civil Procedure, including the additional forms of notice as approved by the Court, has been provided in accordance with the Court's orders granting preliminary approval of these Settlements and notice of the Settlements, and such Notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Federal Rules of Civil Procedure 23(c)(2)(B) and due process.*



**EAG Gulf Coast, LLC**

## LEGAL NOTICE CASES

| Case Caption | Docket Number | Court |
|---|---|---|
| *Rivera, et al. v. Google LLC* | 19-CH-00990 | Ill. Cir. Ct. Cook Cnty. |
| *Hezi v Celsius Holdings, Inc* | 1:21-cv-09892 | S.D.N.Y. |
| *Quackenbush, et al. v American Honda Motor Company, Inc. et al.* | 3:20-cv-05599 | N.D. Cal. |
| *Sanders, et al. v. Ibex Global Solutions, Inc., et al.* | 1:22-cv-00591 | D.D.C. |
| *In re: Cathode Ray Tube (CRT) Antitrust Litigation* | 4:07-cv-05944 | N.D. Cal. |
| *John Doe et al. v. Katherine Shaw Bethea Hospital and KSB Medical Group, Inc.* | 2021L00026 | Fifteenth Judicial Circuit of Illinois, Lee County |
| *Gonshorowski v. Spencer Gifts, LLC* | ATL-L-000311-22 | N.J. Super. Ct. |
| *Stewart et al. v. Albertsons Cos., Inc.* | 16CV15125 | Mult. Cty. Cir. Ct. |
| *Simmons v. Assistcare Home Health Services, LLC, d/b/a Preferred Home Health Care of New York/Preferred Gold* | 511490/2021 | Kings Co. Sup. Ct., 2d Jud. Dist. |
| *Terry Fabricant v. Top Flite Financial, Inc.* | 20STCV13837 | Cal. Super. |
| *Riley v. Centerstone of America* | 3:22-cv-00662 | M.D. Tenn. |
| *Bae v. Pacific City Bank* | 21STCV45922 | Cal. Super. |
| *Tucker v. Marietta Area Health Care Inc.* | 2:22-cv-00184 | S.D. Ohio |
| *Acaley v. Vimeo.com, Inc* | 19-CH-10873 | Ill. Cir. Ct. Cook Cnty. |
| *Easter v Sound Generations* | 21-2-16953-4 | Wash. Super. |
| *GPM v City of Los Angeles* | 21STCV11054 | Cal. Super. |
| *Pagan v. Faneuil, Inc* | 3:22-cv-297 | E.D. Va. |
| *Estes v. Dean innovations, Inc.* | 20-CV-22946 | Mult. Cty. Cir. Ct. |
| *Buck, et al. v. Northwest Commercial Real Estate Investments, LLC, et al.* | 21-2-03929-1 | Wash. Super. |
| *Gilmore, et al. v. Monsanto Company, et al.* | 3:21-cv-8159 | N.D. Cal. |
| *Copley v. Bactolac Pharmaceutical, Inc. et al.* | 2:18-cv-00575 | E.D.N.Y. |
| *James v. CohnReznick LLP* | 1:21-cv-06544 | S.D.N.Y. |
| *Doe v. Virginia Mason* | 19-2-26674-1 | Wash. Super. |
| *LaPrairie v. Presidio, Inc., et al.* | 1:21-cv-08795 | S.D.N.Y. |
| *Richardson v. Overlake Hospital Medical Center et al.* | 20-2-07460-8 | Wash. Super. |
| *Weidman v. Ford Motor Company* | 2:18-cv-12719 | E.D. Mich. |
| *Siqueiros et al. v. General Motors, LLC* | 3:16-cv-07244 | N.D. Cal. |
| *Vaccaro v. Delta Drugs, II. Inc.* | 20STCV28871 | Cal. Super. |
| *Hosch v. Drybar Holdings LLC* | 2021-CH-01976 | Ill. Cir. Ct. Cook Cnty. |
| *Davidson v. Healthgrades Operating Company, Inc.* | 21-cv-01250 | D. Colo. |
| *Baldwin et al. v. National Western Life Insurance Co.* | 2:21-cv-04066 | W.D. Mo. |
| *Deien v. Seattle City Light* | 19-2-21999-8 | Wash. Super. |
| *Blake Chapman et al. v. voestalpine Texas, LLC, et al.* | 2:17-cv-00174 | S.D. Tex. |



**EAG Gulf Coast, LLC**

| Case Caption | Docket Number | Court |
|---|---|---|
| *Hanson v. Welch Foods Inc.* | 3:20-cv-02011 | N.D. Cal. |
| *McMorrow v. Mondelez International, Inc.* | 3:17-cv-02327 | S.D. Cal. |
| *Hadley, et al. v. Kellogg Sales Company* | 5:16-cv-04955 | N.D. Cal. |
| *Miracle-Pond, et al.  v. Shutterfly, Inc.* | 16-cv-10984 | Cir. Ct. Cook Cnty. |
| *In Re: Sonic Corp. Customer Data Breach Litigation* | 1:17-md-02807 | N.D. Ohio |
| *In re: Interior Molded Doors Indirect Purchaser Antitrust Litigation* | 3:18-cv-00850 | E.D. Va. |
| *Krommenhock, et al. v. Post Foods, LLC* | 3:16-cv-04958 | N.D. Cal. |
| *Daley, et al. v. Greystar Management Services LP, et al.* | 2:18-cv-00381 | E.D. Wash. |
| *Brianna Morris v. FPI Management Inc.* | 2:19-cv-0128 | E.D. Wash. |
| *Kirilose Mansour v. Bumble Trading Inc.* | RIC1810011 | Cal. Super. |
| *Clopp et. al. v. Pacific Market Research, LLC et. al.* | 21-2-08738-4 | Wash. Super. |
| *Lisa T. Leblanc, et al. v. Texas Brine Company, LLC, et al.* | 12-2059 | E.D. La. |
| *Jackson-Battle v. Navicent Health, Inc.* | 2020-cv-072287 | Ga Super. |
| *Richardson v. Overlake Hospital Medical Center et al.* | 20-2-07460-8 | Wash. Super. |
| *Fabricant v. Amerisave Mortgage Corp* | 2:19-cv-04659 | C.D. Cal. |
| *Jammeh v. HNN Assoc.* | 2:19-cv-00620 | W.D. Wash. |
| *Farruggio, et al. v. 918 James Receiver, LLC et al.* | 3831/2017 | N.Y. Sup Ct |
| *Winters, et al. v. Two Towns Ciderhouse Inc.* | 3:20-cv-00468 | S.D. Cal. |
| *Siddle, et al. v. The Duracell Company, et al.* | 4:19-cv-00568 | N.D. Cal. |
| *Lisa Jones et al. v. Monsanto Company* | 4:19-cv-00102 | W.D. Mo. |
| *Makaron v. Enagic USA, Inc.* | 2:15-cv-05145 | C.D. Cal. |
| *John Karpilovsky, et al. v. All Web Leads, Inc.* | 1:17-cv-01307 | N.D. Ill. |
| *Hughes et al. v. AutoZone Parts Inc. et al.* | BC631080 | Cal. Super. |
| *Kimberly Miller, et al. v. P.S.C., Inc. d/b/a Puget Sound Collections* | 3:17-cv-0586 | W.D. Wash. |
| *Aaron Van Fleet, et al. v. Trion Worlds Inc.* | 535340 | Cal. Super. |
| *Wilmington Trust TCPA (Snyder, et al. v. U.S. Bank, N.A., et al.)* | 1:16-cv-11675 | N.D. Ill. |
| *Deutsche Bank National Trust TCPA (Snyder, et al. v. U.S. Bank, N.A., et al.)* | 1:16-cv-11675 | N.D. Ill. |
| *Adriana Garcia, et al. v. Sun West Mortgage Company, Inc.* | BC652939 | Cal. Super. |
| *Cajuns for Clean Water, LLC, et al. v. Cecilia Water Corporation, et al.* | 82253 | La. Dist. |
| *In re: Sony PS3 "Other OS" Litigation* | 4:10-cv-01811 | N.D. Cal. |
| *In re: Ductile Iron Pipe Fittings Indirect Purchaser Antitrust Litigation* | 3:12-cv-00169 | D.N.J. |
| *In re: Ductile Iron Pipe Fittings Direct Purchaser Antitrust Litigation* | 3:12-cv-00711 | D.N.J. |
| *Hartig Drug Company Inc., v. Senju Pharmaceutical et. al.* | 1:14-cv-00719 | D. Del. |
| *Gordon v. The Hain Celestial Group, et al.* | 1:16-cv-06526 | S.D.N.Y. |
| *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico – Economic and Property Damages Settlement (MDL 2179)* | 2:10-md-02179 | E.D. La. |



**EAG Gulf Coast, LLC**

| Case Caption | Docket Number | Court |
|---|---|---|
| *In re: Google Inc. Cookie Placement Consumer Privacy Litigation (MDL 2358)* | 1:12-md-02358 | D. Del. |
| *In re: Pool Products Distribution Market Antitrust Litigation (MDL 2328)* | 2:12-md-02328 | E.D. La. |
| *In re: Polyurethane Foam Antitrust Litigation (MDL 2196)* | 1:10-md-2196 | N.D. Ohio |
| *In re: Processed Egg Products Antitrust Litigation (MDL 2002)* | 2:08-md-02002 | E.D. Pa. |
| *In re: The Flintkote Company and Flintkote Mines Limited* | 1:04-bk-11300 | Bankr. D. Del. |
| *In re: Prograf (Tacrolimus) Antitrust Litigation (MDL 2242)* | 1:11-cv-02242 | D. Mass. |
| *Markos v. Wells Fargo Bank, N.A.* | 1:15-cv-01156 | N.D. Ga. |
| *Cross v. Wells Fargo Bank, N.A.* | 1:15-cv-01270 | N.D. Ga. |
| *Ferrick v. Spotify USA Inc.* | 1:16-cv-08412 | S.D.N.Y. |
| *In re: Parmalat Securities Litigation (MDL 1653)* | 1:04-md-01653 | S.D.N.Y. |
| *Smith v. Floor and Décor Outlets of America, Inc.* | 1:15-cv-04316 | N.D. Ga. |
| *Schwartz v. Intimacy in New York, LLC* | 1:13-cv-05735 | S.D.N.Y. |
| *In re: TRS Recovery Services, Inc., Fair Debt Collection Practices Act Litigation (MDL 2426)* | 2:13-md-02426 | D. Me. |
| *Young v. Wells Fargo & Co* | 4:08-cv-00507 | S.D. Iowa |
| *In re: Credit Default Swaps Antitrust Litigation (MDL 2476)* | 1:13-md-02476 | S.D.N.Y. |
| *Anthony Frank Lasseter et. al. v. Rite-Aid* | 09-cv-2013-900031 | Ala. Cir. Ct. |
| *Khoday v. Symantec Corp.* | 0:11-cv-00180 | D. Minn. |
| *MacKinnon, Jr v. IMVU* | 1-11-cv-193767 | Cal. Super. |
| *Ebarle et al. v. LifeLock, Inc.* | 3:15-cv-00258 | N.D. Cal. |
| *Sanchez v. Kambousi Restaurant Partners ("Royal Coach Diner")* | 1:15-cv-05880 | S.D.N.Y. |
| *Schwartz v. Avis Rent A Car System* | 2:11-cv-04052 | D.N.J. |
| *Klein v. Budget Rent A Car System* | 2:12-cv-07300 | D.N.J. |
| *Pietrantonio v. Kmart Corporation* | 15-5292 | Mass. Cmmw. |
| *Cox et al. v. Community Loans of America, Inc., et al.* | 4:11-cv-00177 | M.D. Ga. |
| *Vodenichar et al. v. Halcón Energy Properties, Inc. et al.* | 2013-512 | Pa. Com. Pleas |
| *State of Oregon, ex. rel. Ellen F. Rosenblum, Attorney General v. AU Optronics Corporation, et al.* | 1208 10246 | Or. Cir. |
| *Barr v. The Harvard Drug Group, LLC, d/b/a Expert-Med* | 0:13-cv-62019 | S.D. Fla. |
| *Splater et al. v. Thermal Ease Hydronic Systems, Inc. et al.* | 03-2-33553-3 | Wash. Super. |
| *Phillips v. Bank of America* | 15-cv-00598 | Cal. Super. |
| *Ziwczyn v. Regions Bank and American Security Insurance Co.* | 1:15-cv-24558 | S.D. Fla |
| *Dorado vs. Bank of America, N.A.* | 1:16-cv-21147 | S.D. Fla |
| *Glass v. Black Warrior Electric* | cv-2014-900163 | Ala. Cir. |
| *Beck v. Harbor Freight Tools USA, Inc.* | 15-cv-00598 | Ohio Com. Pleas |
| *Ligon v. City of New York, et al.* | 12-cv-2274 | S.D.N.Y. |



**EAG Gulf Coast, LLC**

| Case Caption | Docket Number | Court |
|---|---|---|
| *Abdellahi, et al., vs. River Metals Recycling, LLC* | 13-CI00095 | Ky. Cir. |
| *Alegre v. XPO Last Mile, Inc.* | 2:15-cv-02342 | D.N.J. |
| *Jack Leach et al. v. E.I. du Pont de Nemours and Co.* | 01-C-608 | W. Va. Cir. |
| *Hayes , et al. v. Citizens Financial Group Inc., et al.* | 1:16-cv-10671 | D. Mass. |
| *In re: Foreign Exchange Benchmark Rates Antitrust Litigation* | 1:13-cv-07789 | S.D.N.Y. |
| *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.* | 2:13-cv-05693 | C.D. Cal. |
| *Cozzitorto vs. American Automobile Association of Northern California, Nevada & Utah* | C13-02656 | Cal. Super. |
| *Filannino-Restifo, et al. v. TD Bank, N.A.* | 0:18-cv-01159 | D.N.J. |
| *United States v. Takata Corporation* | 2:16-cv-20810 | E.D. Mich. |
| *Free Range Content, Inc. v. Google Inc.* | 5:14-cv-02329 | N.D. Cal. |
| *Bautista v. Valero Marketing and Supply Company* | 3:15-cv-05557 | N.D. Cal. |
| *Devin Forbes and Steve Lagace -and- Toyota Canada Inc.* | cv-16-70667 | Ont. Super. Ct. |
| *Thierry Muraton -and- Toyota Canada Inc.* | 500-06-000825-162 | Que. Super. Ct. |
| *In re: Residential Schools Class Action Litigation* | 00-cv-192059 | Ont. Super. Ct. |
| *In re: Tricor Antitrust Litigation* | 05-340 | D. Del. |
| *Masztal v. City of Miami* | 3D06-1259 | Fla. Dist. App. |
| *In re: Tribune Company, et al.* | 08-13141 | D. Del. |
| *Marian Perez v. Tween Brands Inc.* | 14-cv-001119 | Ohio Com. Pleas |
| *Ferguson v. Safeco* | DV 04-628B | Mont. Dist. |
| *Williams v. Duke Energy* | 1:08-cv-00046 | S.D. Ohio |
| *Boone v. City of Philadelphia* | 2:05-cv-01851 | E.D. Pa. |
| *In re: Lehman Brothers Inc.* | 08-13555, 08-01420 | Bankr. S.D.N.Y. |
| *In re: Department of Veterans Affairs (VA) Data Theft Litigation (MDL No. 1796)* | 1:06-md-00506 | D.D.C. |
| *In re: Countrywide Customer Data Breach Litigation (MDL No. 1998)* | 3:08-md-01998 | W.D. Ky. |
| *In re: Checking Account Overdraft Litigation (MDL No. 2036)* | 1:09-md-02036 | S.D. Fla. |
| *In re: Heartland Data Security Breach Litigation (MDL No. 2046)* | 4:09-md-02046 | S.D. Tex. |
| *Schulte v. Fifth Third Bank* | 1:09-cv-06655 | N.D. Ill. |
| *Mathena v. Webster Bank, N.A.* | 3:10-cv-01448 | D. Conn. |
| *Delandro v. County of Allegheny* | 2:06-cv-00927 | W.D. Pa. |
| *Trombley v. National City Bank* | 1:10-cv-00232 | D.D.C. |
| *Fontaine v. Attorney General of Canada* | 00-cv-192059 CP | Ont. Super. Ct. |
| *Marolda v. Symantec Corp.* | 3:08-cv-05701 | N.D. Cal. |





# Exhibit B: CV of EAG





# Class & Mass Action Settlement Administration

## Our Approach

EisnerAmper provides pre-settlement consulting and post-settlement administration services in connection with lawsuits pending in state and federal courts nationwide. Since 1999, EisnerAmper professionals have processed more than $14 billion dollars in settlement claims. Our innovative team successfully administers a wide variety of settlements, and our industry-leading technology enables us to develop customizable administration solutions for class and mass action litigations.

EisnerAmper professionals have processed more than $14 billion dollars in settlement claims.

EISNERAMPER

# Sample Case Experience*



## Environmental/Toxic Torts

- In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico (MDL 2179)
- In re: FEMA Trailer Formaldehyde Products Liability Litigation (MDL 1873)
- Sanchez et al v. Texas Brine, LLC et al.
- Burmaster et al. v. Plaquemines Parish Government, et al.
- Cajuns for Clean Water, LLC et al. v. Cecilia Water Corporation, et al.
- Cooper, et al. v. Louisiana Department of Public Works
- Maturin v. Bayou Teche Water Works
- Chevron Richmond Refinery Fire Settlement
- Chapman et al. v. voestalpine Texas LLC, et al.



## Consumer

- Jones et al. v. Monsanto Co.
- Hadley, et al. v. Kellogg Sales Co.
- McMorrow, et al. v. Mondelez International, Inc
- Krommenhock, et al. v. Post Foods, LLC
- Hanson v. Welch Foods Inc.
- Siddle et al. v. The Duracell Co. et al.
- Copley, et al. v. Bactolac Pharmaceutical, Inc.
- Hughes et al. v. AutoZone Parts Inc. et al.
- Winters v. Two Towns Ciderhouse, Inc.
- Burford et al. v. Cargill, Incorporated
- Fabricant v. AmeriSave Mortgage Corp. (TCPA)
- Makaron v. Enagic USA, Inc. (TCPA)
- Prescod et al. v. Celsius Holdings, Inc.
- Gilmore v. Monsanto Co.



## Antitrust

- In re: Cathode Ray Tube (CRT) Antitrust Litigation (MDL 1917)[4]
- In re: Interior Molded Doors Antitrust Litigation (Indirect)



## Mass Torts

- In re: E.I. du Pont de Nemours and Company C8 Personal Injury Litigation (MDL 2433)[1]
- In re: Testosterone Replacement Therapy Products Liability Litigation (MDL 2545)[1]
- In re: Paraquat Products Liability Litigation (MDL 3004)[1]
- In re: Paragard Products Liability Litigation (MDL 2974)
- In re: Roundup Products Liability Litigation (MDL 2741)[2]
- Essure Product Liability Settlement[3]
- Porter Ranch (JCCP 4861)



## Data Breach/Privacy

- Miracle-Pond, et al. v. Shutterfly
- Baldwin et al. v. National Western Life Insurance Co.
- Jackson-Battle, et al. v. Navicent Health, Inc.
- Bailey, et al. v. Grays Harbor County Public Hospital No. 2
- In re: Forefront Data Breach Litigation
- Easter et al. v. Sound Generations
- Rivera, et al. v. Google LLC
- Acaley v. Vimeo, Inc.



## Mass Arbitration

- T-Mobile
- Uber
- Postmates
- Instacart
- Intuit



## Other Notable Cases

- Brown, et al. v. State of New Jersey DOC (Civil Rights)
- Slade v. Progressive (Insurance)

*Work performed as Postlethwaite & Netterville, APAC (P&N)*
[1]*Services provided in cooperation with the Court-Appointed Special Master*
[2]*Appointed As Common Benefit Trustee*
[3]*Inventory Settlement*

"EisnerAmper" is the brand name under which EisnerAmper LLP and Eisner Advisory Group LLC and its subsidiary entities provide professional services. EisnerAmper LLP and Eisner Advisory Group LLC practice as an alternative practice structure in accordance with the AICPA Code of Professional Conduct and applicable law, regulations and professional standards. EisnerAmper LLP is a licensed independent CPA firm that provides attest services to its clients, and Eisner Advisory Group LLC and its subsidiary entities provide tax and business consulting services to their clients. Eisner Advisory Group LLC and its subsidiary entities are not licensed CPA firms. The entities falling under the EisnerAmper brand are independently owned and are not liable for the services provided by any other entity providing services under the EisnerAmper brand. Our use of the terms "our firm" and "we" and "us" and terms of similar import, denote the alternative practice structure conducted by EisnerAmper LLP and Eisner Advisory Group LLC.



EISNERAMPER

AUDIT · TAX · ADVISORY · OUTSOURCING
www.eisneramper.com


# EAG Claims Administration Experience

## SAMPLE JUDICIAL COMMENTS

- ***Hezi v. Celsius Holdings, Inc.***, No. 1:21-CV-09892-VM (S.D.N.Y.), Judge Jennifer H. Rearden on April 5, 2023:

   *The Court finds and determines that the notice procedure carried out by Claims Administrator Postlethwaite & Netterville, APAC ("P&N") afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the Notice was the best notice practicable, and has satisfied the requirements of law and due process .*

- ***Scott Gilmore et al. v. Monsanto Company, et al.***, No. 3:21-CV-8159 (N.D. Cal.), Judge Vince Chhabria on March 31, 2023:

   *The Court finds that Class Notice has been disseminated to the Class in compliance with the Court's Preliminary Approval Order and the Notice Plan. The Court further finds that this provided the best notice to the Class practicable under the circumstances, fully satisfied due process, met the requirements of Rule 23 of the Federal Rules of Civil Procedure, and complied with all other applicable law.*

- ***John Doe et al. v. Katherine Shaw Bethea Hospital and KSB Medical Group, Inc.***, No. 2021L00026 (Fifteenth Judicial Circuit of Illinois, Lee County), on March 28, 2023:

   *The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of 735 ILCS 5/2-803, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.*

- ***Sanders et al. v. Ibex Global Solutions, Inc. et al.***, No. 1:22-CV-00591 (D.D.C.), Judge Trevor N. McFadden on March 10, 2023:

   *An affidavit or declaration of the Settlement Administrator's compliance with the Notice process has been filed with the Court. The Notice process as set forth in the Settlement Agreement and ordered in the Preliminary Approval Order constitutes the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members in accordance with the requirements of Federal Rule of Civil Procedure 23(c)(2).*

EAG Gulf Coast, LLC is a subsidiary of Eisner Advisory Group LLC. "EisnerAmper" is the brand name under which EisnerAmper LLP and Eisner Advisory Group LLC and its subsidiary entities provide professional services. EisnerAmper LLP and Eisner Advisory Group LLC are independently owned firms that practice in an alternative practice structure in accordance with the AICPA Code of Professional Conduct and applicable law, regulations and professional standards. EisnerAmper LLP is a licensed CPA firm that provides attest services, and Eisner Advisory Group LLC and its subsidiary entities provide tax and business consulting services. Eisner Advisory Group LLC and its subsidiary entities are not licensed CPA firms.

- ***Vaccaro v. Super Care, Inc.,*** No. 20STCV03833 (Cal. Superior Court), Judge David S. Cunningham on March 10, 2023:

  *The Class Notice provided to the Settlement Class conforms with the requirements of California Code of Civil Procedure § 382, the California and United States Constitutions, and any other applicable law, and constitutes the best notice practicable under the circumstances, by providing individual notice to all Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Class Members. The notice fully satisfied the requirements of Due Process.*

- ***Gonshorowski v. Spencer Gifts, LLC***, No. ATL-L-000311-22 (N.J. Super. Ct.), Judge Danielle Walcoff on March 3, 2023:

  *The Court finds that the Notice issued to the Settlement Class, as ordered in the Amended Preliminary Approval Order, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with New Jersey Court Rules 4:32-2(b)(2) and (e)(1)(B) and due process.*

- ***Vaccaro v. Delta Drugs II, Inc.,*** No. 20STCV28871 (Cal. Superior Court), Judge Elihu M. Berle on March 2, 2023:

  *The Class Notice provided to the Settlement Class conforms with the requirements of California Code of Civil Procedure § 382, the California and United States Constitutions, and any other applicable law, and constitutes the best notice practicable under the circumstances, by providing individual notice to all Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Class Members. The notice fully satisfied the requirements of Due Process.*

- ***Pagan, et al. v. Faneuil, Inc.***, No. 3:22-CV-297 (E.D. Va), Judge Robert E. Payne on February 16, 2023:

  *The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.*



**EAG Gulf Coast, LLC**

- ***LaPrairie v. Presidio, Inc., et al.***, No. 1:21-CV-08795-JFK (S.D.N.Y.), Judge Andrew L. Carter, Jr. on December 12, 2022:

  *The Court hereby fully, finally and unconditionally approves the Settlement embodied in the Settlement Agreement as being a fair, reasonable and adequate settlement and compromise of the claims asserted in the Action. The Class Members have been given proper and adequate notice of the Settlement, fairness hearing, Class Counsel's application for attorneys' fees, and the service award to the Settlement Class Representative. An affidavit or declaration of the Settlement Administrator's compliance with the Notice process has been filed with the Court. The Notice process as set forth in the Settlement Agreement and ordered in the Preliminary Approval Order constitutes the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members in accordance with the requirements of Federal Rule of Civil Procedure 23(c)(2).*

- ***Nelson v. Bansley & Kiener, LLP***, No. 2021-CH-06274 (Circuit Court of Cook County, IL), Judge Sophia H. Hall on November 30, 2022:

  *The court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with requirements of 735 ILCS 5/2-801, et seq.*

- ***Buck, et al. v. Northwest Commercial Real Estate Investments, LLC, et al***, No. 21-2-03929-1-SEA (Superior Court King County, WA), Judge Douglass A. North on September 30, 2022:

  *Pursuant to the Court's Preliminary Approval Order, Postcard Notice was distributed to the Class by First Class mail and Email Notice was distributed to all Class Members for whom the Settlement Administrator had a valid email address. The Court hereby finds and concludes that Postcard and Email Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement and in compliance with the Court's Preliminary Approval Order. The Court further finds and concludes that the Postcard and Email Notice, and the distribution procedures set forth in the Settlement fully satisfy CR 23(c)(2) and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all members of the Class who could be identified through reasonable effort, provided an opportunity for the Class Members to object or exclude themselves from the Settlement, and support the Court's exercise of jurisdiction over the Settlement Class Members as contemplated in the Settlement and this Final Approval Order.*



**EAG Gulf Coast, LLC**

- ***Rivera, et al. v. Google LLC,*** No. 2019-CH-00990 (Circuit Court of Cook County, IL), Judge Anna M. Loftus on September 28, 2022:

    *Pursuant to this Court's Order granting preliminary approval of the Settlement, Postlethwaite & Netterville, APAC ("P&N") served as Settlement Administrator. This Court finds that the Settlement Administrator performed all duties thus far required as set forth in the Settlement Agreement.*

    *The Court finds that the Settlement Administrator has complied with the approved notice process as confirmed by its Declaration filed with the Court. The Court further finds that the Notice plan set forth in the Settlement as executed by the Settlement Administrator satisfied the requirements of Due Process and 735 ILCS 5/2-803. The Notice plan was reasonably calculated and constituted the best notice practicable to apprise Settlement Class Members of the nature of this litigation, the scope of the Settlement Class, the terms of the Settlement, the right of Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. Accordingly, the Court finds and concludes that the Settlement Class Members have been provided the best notice practicable under the circumstances, and that the Notice plan was clearly designed to advise the Settlement Class Members of their rights.*

- ***Davonna James, individually and on behalf of all others similarly situated v. CohnReznick LLP***, No. 1:21-cv-06544 (S.D.N.Y.), Judge Lewis J. Liman on September 21, 2022:

    *The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2).*

- ***Patricia Davidson, et al. v. Healthgrades Operating Company, Inc.***, No. 21-cv-01250-RBJ (D. Colo), Judge R. Brooke Jackson on August 22, 2022:

    *The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2).*

- ***Hosch et al. v. Drybar Holdings LLC,*** No. 2021-CH-01976 (Circuit Court of Cook County, IL), Judge Pamela M. Meyerson on June 27, 2022:

    *The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed*



**EAG Gulf Coast, LLC**

> *Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of 735 ILCS 5/2-803, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.*

- ***Baldwin et al. v. National Western Life Insurance Company,*** No. 2:21-cv-04066-WJE (W.D. MO), Judge Willie J. Epps, Jr. on June 16, 2022:

  > *The Court finds that such Notice as therein ordered, constituted the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Rule 23(c)(2).*

- ***Chapman et al. v. voestalpine Texas Holding LLC,*** No. 2:17-cv-174 (S.D. Tex.), Judge Nelva Gonzales Ramos on June 15, 2022:

  > *The Class and Collective Notice provided pursuant to the Agreement and the Order Granting Preliminary Approval of Class Settlement:*
  >
  > *(a) Constituted the best practicable notice, under the circumstances;*
  > *(b) Constituted notice that was reasonably calculated to apprise the Class Members of the pendency of this lawsuit, their right to object or exclude themselves from the proposed settlement, and to appear at the Fairness Hearing;*
  > *(c) Was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and*
  > *(d) Met all applicable requirements of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution because it stated in plain, easily understood language the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through an attorney if the member so desires; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on members under Rule 23(c)(3).*

- ***Clopp et al. v. Pacific Market Research LLC,*** No. 21-2-08738-4 (Superior Court King County, WA), Judge Kristin Richardson on May 27, 2022:

  > *The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Washington Civil Rule 23(c)(2).*



- ***Whitlock v. Christian Homes, Inc., et al,*** No. 2020L6 (Circuit Court of Logan County, IL), Judge Jonathan Wright on May 6, 2022:

  *The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of 735 ILCS 5/2-803, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.*

- ***Hanson v. Welch Foods Inc.,*** No. 3:20-cv-02011-JCS (N.D. Cal.), Judge Joseph C. Spero on April 15, 2022:

  *The Class Notice and claims submission procedures set forth in Sections 5 and 9 of the Settlement Agreement, and the Notice Plan detailed in the Declaration of Brandon Schwartz filed on October 1, 2021, fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement Agreement and this Order. See Fed. R. Civ. P. 23(e)(2)(C)(ii).*

- ***Dein v. Seattle City Light,*** No. 19-2-21999-8 SEA (Superior Court King County, WA), Judge Kristin Richardson on April 15, 2022:

  *The Court hereby finds and concludes that the notice was disseminated to Settlement Class Members in accordance with the terms set forth in the Settlement and in compliance with the Court's Preliminary Approval Order. The Court further finds and concludes that the notice fully satisfies CR 23(c)(2) and the requirements of due process, was the best notice practicable under the circumstances, provided individual notice to all members of the Class who could be identified through reasonable effort, and provided an opportunity for the Class Members to object to or exclude themselves from the Settlement.*

- ***Frank v. Cannabis & Glass, LLC, et al,*** No. 19-cv-00250 (E.D. Wash.), Judge Stanley A. Bastian on April 11, 2022:

  *Postlethwaite & Netterville, APAC, ("P&N"), the Settlement Administrator approved by the Court, completed the delivery of Class Notice according to the terms of the Agreement. The Class Text Message Notice given by the Settlement Administrator to the Settlement Class, which set forth the principal terms of the Agreement and other matters, was the best practicable notice under the circumstances, including*



**EAG Gulf Coast, LLC**

*individual notice to all Settlement Class Members who could be identified through reasonable effort.*

- ***McMorrow, et al. v. Mondelez International, Inc,*** No. 17-cv-02327 (S.D. Cal.), Judge Cynthia Bashant on April 8, 2022:

  *Notice was administered nationwide and achieved an overwhelmingly positive outcome, surpassing estimates from the Claims Administrator both in the predicted reach of the notice (72.94% as compared to 70%) as well as in participation from the class (80% more claims submitted than expected). (Schwartz Decl. ¶ 14, ECF No. 206-1; Final App. Mot. 3.) Only 46 potential Class Members submitted exclusions (Schwartz Decl. ¶ 21), and only one submitted an objection—however the objection opposes the distribution of fees and costs rather than the settlement itself. (Obj. 3.) The Court agrees with Plaintiffs that the strong claims rate, single fee-related objection, and low opt-out rate weigh in favor of final approval.*

- ***Daley, et al. v. Greystar Management Services LP, et al.,*** No. 2:18-cv-00381 (E.D. Wash.), Judge Salvador Mendoz, Jr. on February 1, 2022:

  *The Settlement Administrator completed the delivery of Class Notice according to the terms of the Agreement. The Class Notice given by the Settlement Administrator to the Settlement Class....was the best practicable notice under the circumstances. The Class Notice program....was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such notice. The Class Notice given to the Settlement Class Members satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of constitutional due process. The Class Notice was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of this Action....*

- ***Mansour, et al. v. Bumble Trading, Inc.,*** No. RIC1810011 (Cal. Super.), Judge Sunshine Sykes on January 27, 2022:

  *The Court finds that the Class Notice and the manner of its dissemination constituted the best practicable notice under the circumstances and was reasonably calculated, under all the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the Agreement, and their right to object to or exclude themselves from the Settlement Class. The Court finds that the notice was reasonable, that it constituted due, adequate and sufficient notice to all persons entitled to receive notice, and that it met the requirements of due process, Rules of Court 3.766 and 3.769(f), and any other applicable laws.*



**EAG Gulf Coast, LLC**

- ***Hadley, et al. v. Kellogg Sales Company,*** No. 16-cv-04955 (N.D. Cal.), Judge Lucy H. Koh on November 23, 2021:

  *The Class Notice and claims submission procedures set forth in Sections 4 and 6 of the Settlement Agreement, and the Notice Plan filed on March 10, 2021, fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Classes as contemplated in the Settlement Agreement and this Order. See Fed. R. Civ. P. 23(e)(2)(C)(ii).*

- ***Miracle-Pond, et al. v. Shutterfly, Inc.,*** No. 2019-CH-07050 (Circuit Court of Cook County, IL), Judge Raymond W. Mitchell on September 9, 2021:

  *This Court finds that the Settlement Administrator performed all duties thus far required as set forth in the Settlement Agreement. The Court finds that the Settlement Administrator has complied with the approved notice process as confirmed by its Declaration filed with the Court. The Court further finds that the Notice plan set forth in the Settlement as executed by the Settlement Administrator satisfied the requirements of Due Process and 735 ILCS 5/2-803. The Notice plan was reasonably calculated and constituted the best notice practicable to apprise Settlement Class Members of the nature of this litigation, the scope of the Settlement Class, the terms of the Settlement, the right of Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. Accordingly, the Court finds and concludes that the Settlement Class Members have been provided the best notice practicable under the circumstances, and that the Notice plan was clearly designed to advise the Settlement Class Members of their rights.*

- ***Jackson-Battle, et al. v. Navicent Health, Inc.,*** No. 2020-CV-072287 (Ga Super.), Judge Jeffery O. Monroe on August 4, 2021:

  *The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of O.C.G.A. §§ 9-11-23(c)(2).*

- ***In re: Interior Molded Doors Indirect Purchasers Antitrust Litigation,*** No. 3:18-cv-00850 (E.D. Va.), Judge John A. Gibney on July 27, 2021:

  *The notice given to the Settlement Class of the settlement set forth in the Settlement Agreement and the other matters set forth herein was the best notice practicable*



**EAG Gulf Coast, LLC**

*under the circumstances. Said notice provided due and adequate notice of the proceedings an of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons and entities entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e) and the requirements of due process.*

- ***Krommenhock, et al. v. Post Foods, LLC,*** No. 16-cv-04958 (N.D. Cal.), Judge William H. Orrick on June 25, 2021:

  *The Class Notice and claims submission procedures set forth in Sections 4 and 6 of the Settlement Agreement and the Notice Plan filed on January 18, 2021 fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Classes as contemplated in the Settlement Agreement and this Order. See Fed. R. Civ. P. 23(e)(2)(C)(ii).*

- ***Winters, et al. v. Two Towns Ciderhouse, Inc,*** No. 20-cv-00468 (S.D. Cal.), Judge Cynthia Bashant on May 11, 2021:

  *The settlement administrator, Postlethwaite and Netterville, APAC ("P&N") completed notice as directed by the Court in its Order Granting Preliminary Approval of the Class Action Settlement. (Decl. of Brandon Schwartz Re: Notice Plan Implementation and Settlement Administration ("Schwartz Decl.") ¶¶ 4–14, ECF No. 24-5.)...Thus, the Court finds the Notice complies with due process....With respect to the reaction of the class, it appears the class members' response has been overwhelmingly positive.*

- ***Siddle, et al. v. The Duracell Company, et al.,*** No. 4:19-cv-00568 (N.D. Cal.), Judge James Donato on April 19, 2021:

  *The Court finds that the Class Notice and Claims Administration procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Final Approval Order.*



**EAG Gulf Coast, LLC**

- ***Fabricant v. Amerisave Mortgage Corporation,*** No. 19-cv-04659-AB-AS (C.D. Cal.), Judge Andre Birotte, Jr. on November 25, 2020:

  *The Class Notice provided to the Settlement Class conforms with the requirements of Fed. Rule Civ. Proc. 23, the California and United States Constitutions, and any other applicable law, and constitutes the best notice practicable under the circumstances, by providing individual notice to all Settlement Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Settlement Class Members. The notice fully satisfied the requirements of Due Process. No Settlement Class Members have objected to the terms of the Settlement.*

- ***Snyder, et al. v. U.S. Bank, N.A., et al.,*** No. 1:16-CV-11675 (N.D. Ill), Judge Matthew F. Kennelly on June 18, 2020:

  *The Court makes the following findings and conclusions regarding notice to the Settlement Class:*

  *a. The Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Settlement Agreement and the Class Notice and its dissemination were in compliance with the Court's Preliminary Approval Order; b. The Class Notice: (i) constituted the best practicable notice under the circumstances to potential Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Consolidated Litigation, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient individual notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.*

- ***Edward Makaron et al. v. Enagic USA, Inc.,*** No. 2:15-cv-05145 (C.D. Cal.), Judge Dean D. Pregerson on January 16, 2020:

  *The Court makes the following findings and conclusions regarding notice to the Class:*

  *a. The Class Notice was disseminated to persons in the Class in accordance with the terms of the Settlement Agreement and the Class Notice and its dissemination were in compliance with the Court's Preliminary Approval Order;*

  *b. The Class Notice: (i) constituted the best practicable notice under the circumstances to potential Class Members, (ii) constituted notice that was reasonably*



**EAG Gulf Coast, LLC**

*calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient individual notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.*

- ***Kimberly Miller et al. v. P.S.C., Inc., d/b/a Puget Sound Collections,*** No. 3:17-cv-05864 (W. D. Wash.), Judge Ronald B. Leighton on January 10, 2020:

  *The Court finds that the notice given to Class Members pursuant to the terms of the Agreement fully and accurately informed Class Members of all material elements of the settlement and constituted valid, sufficient, and due notice to all Class Members. The notice fully complied with due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law.*

- ***John Karpilovsky and Jimmie Criollo, Jr. et al. v. All Web Leads, Inc.,*** No. 1:17-cv-01307 (N.D. Ill), Judge Harry D. Leinenweber on August 8, 2019:

  *The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.*

  *The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.*

- ***Paul Story v. Mammoth Mountain Ski Area, LLC,*** No. 2:14-cv-02422 (E.D.  Cal.), Judge John A. Mendez on March 13, 2018:

  *The Court finds that the Settlement Administrator delivered the Class Notice to the Class following the procedures set forth in the Settlement Agreement; that the Class Notice and the procedures followed by the Settlement Administrator constituted the best notice practicable under the circumstances; and that the Class Notice and the procedures contemplated by the Settlement Agreement were in full compliance with the laws of the United States and the requirements of due process. These findings support final approval of the Settlement Agreement.*



**EAG Gulf Coast, LLC**

- ***John Burford, et al. v. Cargill, Incorporated,*** No. 05-0283 (W.D. La.), Judge S. Maurice Hicks, Jr. on November 8, 2012:

  > *Considering the aforementioned Declarations of Carpenter and Mire as well as the additional arguments made in the Joint Motion and during the Fairness Hearing, the Court finds that the notice procedures employed in this case satisfied all of the Rule 23 requirements and due process.*

- ***In RE: FEMA Trailer Formaldehyde Product Liability Litigation,*** MDL No. 1873, (E.D La.), Judge Kurt D. Engelhardt on September 27, 2012:

  > *After completing the necessary rigorous analysis, including careful consideration of Mr. Henderson's Declaration and Mr. Balhoff's Declaration, along with the Declaration of Justin I. Woods, the Court finds that the first-class mail notice to the List of Potential Class Members (or to their attorneys, if known by the PSC), Publication Notice and distribution of the notice in accordance with the Settlement Notice Plan, the terms of the Settlement Agreement, and this Court's Preliminary Approval Order:*

  > *(a) constituted the best practicable notice to Class Members under the circumstances;*

  > *(b) provided Class Members with adequate instructions and a variety of means to obtain information pertaining to their rights and obligations under the settlement so that a full opportunity has been afforded to Class Members and all other persons wishing to be heard;*

  > *(c) was reasonably calculated, under the circumstances, to apprise Class Members of: (i) the pendency of this proposed class action settlement, (ii) their right to exclude themselves from the Class and the proposed settlement, (iii) their right to object to any aspect of the proposed settlement (including final certification of the settlement class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of representation by Plaintiffs or the PSC, and/or the award of attorneys' fees), (iv) their right to appear at the Fairness Hearing - either on their own or through counsel hired at their own expense - if they did not exclude themselves from the Class, and (v) the binding effect of the Preliminary Approval Order and Final Order and Judgment in this action, whether favorable or unfavorable, on all persons who do not timely request exclusion from the Class;*

  > *(d) was calculated to reach a large number of Class Members, and the prepared notice documents adequately informed Class Members of the class action, properly described their rights, and clearly conformed to the high standards for modern notice programs;*

  > *(e) focused on the effective communication of information about the class action. The notices prepared were couched in plain and easily understood language and were written and designed to the highest communication standards;*



**EAG Gulf Coast, LLC**

(f)  afforded sufficient notice and time to Class Members to receive notice and decide whether to request exclusion or to object to the settlement.;

(g)  was reasonable and constituted due, adequate, effective, and sufficient notice to all persons entitled to be provided with notice; and

(h)  fully satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, including the Due Process Clause, and any other applicable law.



**EAG Gulf Coast, LLC**