IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| KEITH DAVID ALLEN, et al., on behalf of themselves and all others similarly situated, | ) ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:22-CV-697 |
| NOVANT HEALTH, INC., | ) ) | |
| Defendant. | ) | |

## ORDER

The plaintiffs, individually and on behalf of the proposed Settlement Class, and the defendant, Novant Health, Inc., have entered into a Settlement Agreement, dated October 12, 2023, that, if approved, would resolve this action. The plaintiffs seek preliminary approval of the Settlement and approval of their Notice Program, which the defendant does not oppose. Upon consideration of the record, consultation with counsel at a hearing held on October 30, 2023, and detailed review of the Settlement Agreement together with all exhibits and attachments thereto, the Court **FINDS** and **ORDERS** that:

I. **PRELIMINARY APPROVAL**

1. Unless otherwise defined herein, all terms that are capitalized shall have the same meaning ascribed to those terms in the Settlement Agreement.

2. The Court has jurisdiction over this Litigation, Plaintiffs, Defendant, and the Settlement Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

3. The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' motion papers and briefs, and the declarations of counsel and the Claims Administrator. Based on its review of these papers and oral representations of counsel at the hearing and for purposes of the pending motion, the Court finds that the Settlement Agreement is the result of serious, informed, non-collusive negotiations conducted with the assistance of experienced mediator Hunter Hughes, Esq., during a mediation session on July 21, 2023, and follow up discussions through which the basic terms of the Settlement were negotiated and finalized. The Court understands that the Settlement Agreement is the product of an informal exchange of extensive information between the parties ahead of the mediation session. The terms of the Settlement Agreement do not improperly grant preferential treatment to any individual or segment of the Settlement Class and fall within the range of possible approval as fair, reasonable, and adequate.

4. The Court therefore **GRANTS** preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein, subject to review upon motion for final approval.

II. **PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS**

5. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the Settlement Class defined in the Settlement Agreement as follows:

> All individuals residing in the United States who Defendant identified as potentially having their personal or health-related information disclosed to a

third party because of Defendant's use of certain Internet tracking technology on its websites and MyChart patient portal between May 1, 2020, and August 12, 2022.

Excluded from the Class are (i) Defendant, any entity in which Defendant has a controlling interest, and Defendant's affiliates, parents, subsidiaries, officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over this Litigation and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly excludes themselves from the Settlement.

6. The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) for settlement purposes only: the Settlement Class is comprised of over one million individuals; there are questions of law and fact common to the Settlement Class; the Class Representatives' claims are typical of those of Settlement Class Members; and the Class Representatives will fairly and adequately protect the interests of the Settlement Class.

7. The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only: the questions of law and fact common to the Settlement Class predominate over individual questions; and class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

8. The Court hereby appoints Keith David Allen, Karyn Cook, Daymond Cox, Kevin Curry, Meghan Curry, Dr. Richard Nero, David Novack, Cheryl Taylor, Fernando

Valencia, and Natalie Wells-Reyes as the Class Representatives of the Settlement Class. The Court provisionally finds that the Class Representatives are similarly situated to absent Settlement Class Members and therefore typical of the Class and that they will be adequate Class Representatives.

9. The Court finds the following counsel are experienced and adequate counsel and appoints them as Class Counsel for the Settlement: Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, located at 227 W. Monroe Street, Suite 2100, Chicago, IL 60606, and Scott C. Harris of Milberg Coleman Bryson Phillips Grossman, PLLC, located at 900 W. Morgan Street, Raleigh, NC 27603. Other counsel of record may and shall participate as needed and appropriate.

### III. NOTICE AND ADMINISTRATION

10. Pursuant to the Settlement Agreement, Class Counsel will engage Postlethwaite & Netterville ("P&N") as the Settlement Administrator. P&N shall perform all the duties of the Settlement Administrator set forth in the Settlement Agreement.

11. The Court finds that the Class Notice and Notice Program in the Settlement Agreement, as clarified at the October 30, 2023, hearing, satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. The Court confirmed at the hearing that email notice will be sent to all Settlement Class Members for which the Defendant can provide an email address. If notice is not deliverable to the provided email address or if the Defendant does not have an email address for a Settlement Class Member, then the Settlement Administrator will send notice by U.S. mail.

4

12. The parties will update the proposed Postcard Notice to include the toll-free phone number for the Settlement Administrator and reference to the existence of the Long-Form Notice. The parties will add contact information for the Settlement Administrator and the telephone number for the law firm office for lead counsel to the proposed Long-Form Notice.

13. The Class Notice and Notice Program provide the best notice practicable under the circumstances. The Class Notice and Notice Program are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the scope of the Settlement Class, the terms of the Settlement Agreement, the rights of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the processes for doing so, and the Final Approval Hearing. First class mail to all class members would be expensive and significantly reduce the funds available to class members, and its benefits do not outweigh its costs. The Court therefore approves the Class Notice and Notice Program, as clarified herein, and directs the Settlement Administrator to proceed with providing notice to Settlement Class Members pursuant to the terms of the Settlement Agreement and this Order.

14. The Settlement Administrator shall commence and conclude the Notice Program within the time required by the Settlement Agreement and in compliance with the requirements in this Order. The Settlement Administrator shall not use or disclose the names, contact information, or any personal information disclosed to them as part of administering this settlement except to accomplish the purposes of this settlement. Selling or trading any such information is prohibited.

5

15. The Court also approves the proposed Claim Form. The deadline for submitting claims is May 4, 2024, (180 days from entry of this Order.)

## IV.     EXCLUSION AND OBJECTIONS

16. Settlement Class Members who wish to opt out and exclude themselves from the Settlement Class may do so by notifying the Settlement Administrator in writing, postmarked no later than April 4, 2024, (150 calendar days after entry of this Order). To be valid, each request for exclusion must be made in writing and: (a) state the Settlement Class Member's full name, address, and telephone number; (b) include the case name and number of the Litigation (*In re: Novant Health, Inc.*, Case No. 1:22-cv-00697); (c) contain the Settlement Class Member's personal and original signature; and (d) state unequivocally the Settlement Class Member's intent to be excluded from the Settlement. All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member, *i.e.*, one request is required for every Settlement Class Member seeking exclusion. Any request seeking exclusion of more than one Settlement Class Member will be invalid and rejected by the Settlement Administrator.

17. All Settlement Class Members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of a Final Approval Order and Judgment.

18. Settlement Class Members who wish to object to the Settlement may do so by submitting a written Objection to the Court in accordance with the procedures outlined in the Class Notice, postmarked no later than April 4, 2024, (150 calendar days after entry of this Order). Any Settlement Class Member wishing to object to the Settlement

6

Agreement shall file their Objection with the Clerk of Court. All such written objections to the Settlement Agreement must include all of the following: (i) the Settlement Class Member's full name, current address, telephone number, and email address; (ii) the case name and number of the Litigation (*In re: Novant Health, Inc.*, Case No. 1:22-cv-00697 (M.D.N.C.)); (iii) the Settlement Class Member's personal and original signature; (iv) a statement indicating the basis for the Settlement Class Member's belief that he or she is a member of the Settlement Class; (v) a statement of the legal and/or factual basis for the objection; (vi) a statement about whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire Settlement Class; (vii) if the Settlement Class Member is represented by an attorney, or received assistance from an attorney in drafting the objection, the name, address, telephone number, and email address of the attorney; and (viii) a statement of whether the Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through his or her attorney.

19. If an objecting Settlement Class Member is represented by an attorney, and such attorney intends to speak at the Final Approval Hearing, the written objection must also include: (i) the identity of witnesses whom the Settlement Class Member intends to call to testify at the Final Approval Hearing; (ii) a description of any documents or evidence that the Settlement Class Member intends to offer at the Final Approval Hearing; and (iii) a list, including case name, court, and docket number, of all other cases in which the Settlement Class Member or their attorney has filed an objection to any proposed class action settlement in the past three (3) years.

7

20. Any Settlement Class Member who does not timely submit a written objection in accordance with these procedures and the procedures detailed in the Class Notice and Settlement Agreement shall be deemed to waive any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement Agreement or the Final Approval Order by appeal or other means.

V. **FINAL APPROVAL HEARING**

21. The Court will hold a Final Approval Hearing on June 6, 2024, at 9:30 a.m. in the United States District Court, Middle District of North Carolina, 324 W. Market St., Greensboro, North Carolina 27401.

22. At the Final Approval Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the Settlement Class should be finally certified; (c) the preliminary appointment of Class Counsel should be made final; (d) the preliminary appointment of the Class Representatives should be made final; (e) Class Counsel's motion for Attorneys' Fees and Litigation Expenses should be granted; (f) the Service Awards sought for Class Representatives should be granted; and (g) a final judgment should be entered.

23. As needed and in its discretion, the Court may continue the date of the Final Approval Hearing without further written notice to Settlement Class Members. The Settlement Administrator shall post any changes to the date of the Final Settlement hearing on the settlement website.

8

## VI. DEADLINES, INJUNCTION & TERMINATION

| From Order Granting Preliminary Approval | November 6, 2023 |
|---|---|
| Defendant will provide the list of available addresses for Settlement Class Members to the Settlement Administrator | +30 Days<br>December 6, 2023 |
| Defendant's payment of Settlement Fund to Settlement Administrator | +30 Days<br>December 6, 2023 |
| Notice Period | +60 Days (begins) to +90 Days (completes)<br>January 5, 2024, to February 4, 2024 |
| Counsel's Motion for Attorneys' Fees and Reimbursement of Litigation Costs and Expenses | +135 Days<br>March 20, 2024 |
| Objection Date | +150 Days<br>April 4, 2024 |
| Opt-Out Date | +150 Days<br>April 4, 2024 |
| Claim Deadline | +180 Days<br>May 4, 2024 |
| | |
| **Final Approval Hearing** | No earlier than 210 Days from Order Granting Preliminary Approval<br>June 6, 2024 |
| Motion for Final Approval | 14 Days before Final Approval Hearing<br>May 23, 2024 |
| | |
| **From Effective Date** | |
| Payment of Attorneys' Fees and Litigation Expenses and Class Representatives' Service Awards | +30 Days |
| Mailing of Claim Payments to Claimants | +30 Days |
| Cy Pres Distribution of the Residual Funds | +120 Days after the issuance of the last settlement payment to a Class Member |
| Deactivation of Settlement Website | +120 Days |

9

24. All proceedings and deadlines in this matter, except those necessary to implement this Order and the Settlement, are hereby stayed and suspended until further order of the Court.

25. All Settlement Class Members who do not validly opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

26. If the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in this Litigation or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall be (i) admissible into evidence for any purpose in this Litigation or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) deemed an admission or concession by any Settling Party regarding the validity of any of the Released Claims or the propriety of certifying any class against Defendant, or (iii) deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Litigation or the availability or lack of availability of any defense to the Released Claims.

27. The Clerk shall post this Order and the Settlement Agreement on the court website for sixty days.

**IT IS SO ORDERED**, this 6th day of November, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE