IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

IN RE: NOVANT HEALTH, INC. )
)
) 1:22-CV-697
)

**<u>ORDER</u>**

This data privacy case was resolved by settlement, and most of the settlement funds have been distributed to class members. There are unclaimed funds remaining, and the matter is before the Court to determine the appropriate disposition of those residual funds. The settlement agreement calls for the parties to suggest an appropriate *cy pres* recipient, which they have done. The Court finds that the suggested recipient, the non-profit Electronic Privacy Information Center (EPIC), is an appropriate *cy pres* recipient of the residual unclaimed settlement funds.

I.  **Background and Facts**

In November 2022, the plaintiffs filed an amended complaint alleging that Novant Health, Inc. improperly shared the plaintiffs' personally identifiable information and personal health information with Facebook. Doc. 20 at ¶¶ 1–2. After a motion to dismiss, only the state law claims for breach of fiduciary duty and breach of implied contract survived. Doc. 44 at 13. Soon thereafter, the parties reached a class action settlement, Doc. 45; *see also* Docs. 52, 64, 65, which the Court ultimately approved. Doc. 67.

In the settlement, the parties agreed that any unclaimed residual funds will be distributed to a *cy pres* recipient approved by the Court. Doc. 52-1 at ¶¶ 10(e), 14(gg);

*see* Doc. 67 at 27.  At the hearing on whether to approve the settlement, counsel asked to hold open the designation of a *cy pres* recipient until the Settlement Administrator determined the amount of residual funds, and the Court did so.  Doc. 67 at 27.

After final approval, the Settlement Administrator began settlement distributions on August 16, 2024.  Doc. 68 at ¶ 6.  Class members had 90 days to negotiate settlement checks, which would be November 14, 2024.  Doc. 52-1 at ¶ 39; *see also* Doc. 68 at ¶ 6.  As of mid-October, $414,490.73 in payments had not yet cleared.  Doc. 68 at ¶ 7.  By the end of November, that amount had dropped to approximately $296,000.  Doc. 69 at 1.

The plaintiffs suggest that EPIC is an appropriate *cy pres* recipient.  Doc. 70 at 2.  Novant takes no position on the recommendation of EPIC as *cy pres* recipient.  *Id.*

EPIC is a public interest research center that focuses on "protecting privacy in today's digital age" and "provid[ing] information about emerging privacy issues."  *Id.*  A review of EPIC's website shows that it is a well-established non-profit with an independent advisory board comprised of experienced business leaders and academic scholars.  Electronic Privacy Information Center, https://www.epic.org/ (last visited Jan. 6, 2025).  Other courts have approved EPIC as a *cy pres* recipient in data privacy cases.  *See Perkins v. LinkedIn Corp.*, No. 13-CV-4303, 2016 WL 613255, at *11 (N.D. Cal. Feb. 16, 2016) ("[T]he Court finds that EPIC's receipt of other *cy pres* awards in privacy cases demonstrates that EPIC is well-suited to be a *cy pres* recipient in the instant privacy case."); *In re Google Buzz Priv. Litig.*, No. 10-CV-672, 2011 WL 7460099, at *1 (N.D. Cal. June 2, 2011) ("EPIC has demonstrated that it is a well-established and respected organization within the field of internet privacy . . . ."); *Mirfasihi v. Fleet Mortg. Corp.*,

2

No. 01-CV-722, 2007 WL 2066503, at *2, 7 (N.D. Ill. July 17, 2007), *aff'd*, 551 F.3d 682 (7th Cir. 2008).

## II.  *Cy Pres* Distribution

"Most class actions result in some unclaimed funds," *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990), and *cy pres* has often been used as a remedy when class actions are settled. *Krakauer v. Dish Network, LLC*, No. 14-CV-333, 2020 WL 6292991, at *3 (M.D.N.C. Oct. 27, 2020).  Such distribution to a charity or non-profit should address the objectives of the underlying statutes, target the plaintiff class, and provide reasonable certainty that class members will benefit.  *See Nachshin v. AOL, LLC*, 663 F.3d 1034, 1040 (9th Cir. 2011); *Six (6) Mexican Workers*, 904 F.2d at 1307; *Krakauer*, 2020 WL 6292991, at *3; *see also Frank v. Gaos*, 586 U.S. 485, 491 (2019) ("In the class action context, *cy pres* refers to the practice of distributing settlement funds . . . to nonprofit organizations whose work is determined to indirectly benefit class members."); *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 689 (7th Cir. 2013) ("Money not claimed by class members should be used for the class's benefit to the extent that is feasible.").

Settling parties need not select a *cy pres* recipient "that the court or class members would find ideal."  *Seaman v. Duke Univ.*, No. 15-CV-462, 2019 WL 13193731, at *4 (M.D.N.C. Sept. 24, 2019) (quoting *Lane v. Facebook, Inc.*, 696 F.3d 811, 821 (9th Cir. 2012)).  But there should be "'a substantial nexus to the interests of the class members' in light of 'the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members.'"  *Id*.

### III. Discussion

The plaintiffs' claims here were based on unauthorized digital tracking and monitoring, essentially an invasion of digital privacy. *See* Docs. 20, 44. Distributing unclaimed funds to EPIC, a non-profit that focuses on digital and electronic privacy, will promote the objectives of the underlying laws and will target and benefit the plaintiff class. *See* Doc. 67 at 5. Because there is a substantial nexus between EPIC and the interests of the class members, it is an appropriate *cy pres* recipient. The Court approves EPIC as the *cy pres* recipient of any remaining settlement funds.

It is **ORDERED** that:

1. The Settlement Administrator **SHALL** (a) wrap up its administrative and disbursement duties; (b) confer with representatives of EPIC to insure it is able to receive the *cy pres* distribution; and (c) after payment of final administrative expenses, disburse to the Electronic Privacy Information Center all remaining unclaimed settlement funds.
2. The Settlement Administrator may continue to disburse funds per the settlement to class members so long as is feasible, in its sole judgment.
3. Upon completion of these tasks, and no later than March 14, 2025, the Settlement Administrator **SHALL** file a final report at which time the Court will terminate its duties and responsibilities.

This the 6th day of January, 2025.

_____
UNITED STATES DISTRICT JUDGE